UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**EMILIO TORRES,** an individual
and behalf of all similarly situated,
**Plaintiff,**

**Hon.**

**Case No.**

vs.

**VITALE'S ITALIAN RESTAURANT, INC.,**
a Michigan Corporation, d/b/a **VITALE'S GRAND RAPIDS**
**SALVATORE VITALE,**
an individual, and
**BELINDA PIERCE,**
an individual,
**Defendants.**

---

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Agustin Henriquez (P79589)
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

---

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

NOW COME the Plaintiff, by and through his attorneys at the Avanti Law Group, PLLC, and in his Complaint state as follows:

1. This is a civil action brought on behalf of Plaintiff, on behalf of himself and all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), who worked for Defendants during the last three years or more, performing general labor in the State of Michigan. Plaintiffs complain that Defendants failed to pay them the overtime compensation to which they were entitled under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.

2. Named Plaintiff is similarly situated with all employees who worked or are working for Defendants and were paid on straight time for all hours over forty (40).

3. Defendants violated the FLSA by failing to pay its employees, including Plaintiff, time and one-half for each hour worked in excess of forty (40) per workweek. The FLSA requires that non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Accordingly, Plaintiffs bring this collective action to recover unpaid overtime compensation under 29 U.S.C. § 207 and § 216(b).

4. Named Plaintiff is an employee who is entitled to compensation and prompt payment of amounts that the employer owes an employee when the employee works, quits, or is terminated and other compensation that is prescribed by law.

5. Plaintiff seeks a declaration that his rights, and those of the others similarly situated, have been violated, an award of unpaid wages, an award of liquidated damages, and an award of attorney fees and costs to make him whole for damages they have suffered. At the earliest time possible, Plaintiff seeks permission to send a Court-authorized notice of this action, pursuant to 29 U.S.C. § 216(b), to all similarly situated individuals and potential class members, as defined below.

6. Defendants, likewise, have not and do not pay the overtime rate to other similarly situated workers. Plaintiff brings a Collective and Class Action to recover unpaid minimum wage and overtime compensation owed to himself and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective and Class Actions are hereinafter referred to as "Class Members."

## PARTIES

### *Plaintiff Emilio Torres*

7. Plaintiff Emilio Torres is a resident of the County of Kent, state of Michigan, and whose consent to sue is attached as Exhibit A.

8. Named Plaintiff brings this action on behalf of all current and former persons who were, are or will be employed by Defendants throughout the state of Michigan at any time within at least the three years prior to the filing of the initial Complaint and through the final disposition of this action, who were, are, or will be eligible for but did not receive the minimum wage for all hours worked and/or overtime compensation, or other proper wages due.

### *Defendant Vitale's Italian Restaurant, Inc.*

9. Defendant Vitale's Italian Restaurant, Inc., (hereinafter referred to as "Vitale's") is a Michigan Corporation whose principal place of business is located at 834 Leonard N.E. Grand Rapids, Michigan 49503. *Exhibit B.*

10. Defendant Salvatore Vitale owns and operates Defendant Vitale's since at least 1987.

11. Defendant Vitale's Italian Restaurant, Inc. is an italian restaurant serving pizza, pasta, and other such italian cuisine and is a "place for dinner, viewing sports, or your favorite takeout!" *See* http://www.theoriginalvitales.com/ last visited May 14, 2018.

### *Defendant Salvatore Vitale*

12. Defendant Salvatore Vitale is the owner of Defendant Vitale's Italian Restaurant, Inc and is responsible for the day to day operations of Defendant Vitale's.

13. Defendant Salvatore hired and fired the Plaintiff as well as was responsible for the hiring, disciplining and termination of all others similarly situated.

14. Defendant Salvatore set the wage rates for the Plaintiff and others similarly situated.

15. Defendant Salvatore made decisions regarding how and when Plaintiff and other similarly situated were compensated including whether or not to pay the required overtime premium for all hours worked over 40 hours per week.

16. Defendant Salvatore supervised Plaintiff and others similarly situated.

17. Defendant Salvatore gave instructions and direction to the Plaintiff as well as others similarly situated.

### *Defendant Belinda Pierce*

18. Defendant Belinda Pierce is the general manager of Defendant Vitale's Italian Restaurant, Inc. and was responsible for payroll, maintaining, and verifying time cards.

19. Defendant Belinda Pierce was also Plaintiff's supervisor for his duration as an employee.

20. Defendant Belinda Pierce would pay Plaintiff and other similarly situated by check for hours worked under forty (40) and case for hours worked over forty (40)..

### COVERAGE

21. At all material times, Defendants have been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

22. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

23. At all material times, Plaintiff and Class Members were employed in an enterprise engaged in commerce, or were engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA.

24. Plaintiff was engaged in commerce either through work related to the actual movement of commerce, work that regularly uses the channels of commerce; or work related to the instrumentalities of commerce.

25. Defendants are an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA.

26. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

27. Defendants provided training to Plaintiff and Class Members, controls and has knowledge of the hours to be worked by Plaintiff and Class Members, directs the work of Plaintiff and Class Members and set the compensation received by each.

## JURISDICTION AND VENUE

28. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

29. Defendant corporation is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

30. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## GENERAL ALLEGATIONS

31. Plaintiff worked at Defendant Vitale's Italian Restaurant, Inc. and worked for Defendant Salvatore Vitale and Defendant Belinda Pierce from March 2017 to May 7, 2018.

32. Plaintiff was hired to work for the Defendants in the kitchen.

33. Plaintiff would prepare food, plate food, run the dishwasher, prep cook, janitorial work, cleaned floors and walls, and performed maintenance of kitchen equipment among other duties.

34. Plaintiff was employed to perform general labor in the restaurants for the Defendants.

35. Plaintiff would work first shift and second shift from 8:00 AM to 9:00 PM or 10:00 PM.

36. Plaintiff would sometimes arrive at 7:30 AM due to heavy workload.

37. Defendants were fully aware that Plaintiff arrived prior to the start of his shift.

38. Plaintiff would work Monday through Saturday and would work around 75 hours per week.

39. Plaintiff would be compensated to the amount of $15 per hour, straight time via check for all hours worked under forty (40).

40. Plaintiff would be paid straight time for hours worked over forty (40) hours straight time via cash.

41. Plaintiff had two different time cards he was required to use to track his hours worked. Plaintiff was required to punch 40 hours on one time card and any hours worked in excess of those forty (40) hours over forty on the other time card.

42. For an example, in the pay period from February 26, 2018 to March 4, 2018, Plaintiff had two time cards for the same pay period. *Exhibit C.*

43. Plaintiff would punch in and out between the two time cards as can be seen in Exhibit C.

    a. Plaintiff punched in on Monday at 7:32 AM and then punched out at 5:10 PM on Card 100.

    b. Plaintiff punched back in at 5:10 PM on Card 087 then punched out on Tuesday at 12:01 PM.

    c. Plaintiff punched in using the same card for Tuesday and Wednesday's hours, but then used Card 100 for Thursday and some of Friday's hours.

    d. Plaintiff's time cards are split between 40 and 38 hours. Plaintiff in this case worked a total of 78 hours.

44. For another example, in the pay period from December 11, 2017 to December 17, 2017, Plaintiff had two time cards for the same pay period. Exhibit D.

45. Plaintiff would punch in and out between the two time cards as can be seen in Exhibit D.

    a. Plaintiff punched in on Monday at 7:54 AM and then punched out at 8:23 PM on Card 037.

    b. Plaintiff punched in on Tuesday at 7:43 AM and then punched out at 1:37 PM on Card 039. Plaintiff punched back in on the same day at 1:37 PM and punched out at 9:12 PM on Card 037.

    c. On Wednesday, Plaintiff punched in and out on both cards as well. On Card 039 from 7:44 AM to 4:00 PM and on Card 037 from 4:00 PM to 6:53 PM.

    d. The same occurred on Thursday, Plaintiff punched on Card 039 from 7:51 AM to 11:54 AM and on Card 037 from 11:54 AM to 8:15 PM.

    e. Plaintiff punched in and out using only Card 039 for Friday from 7:41 AM to 8:38 PM.

      f. On Saturday, Plaintiff used both time cards. On Card 037 Plaintiff punched from 9:01 AM to 3:51 PM and on Card 039 from 3:51 PM to 8:12 PM.

      g. Plaintiff's timecards are split between 38 and 35 hours. In this case, Plaintiff worked 73 hours.

46. Other similarly situated workers were also only paid straight time for all hours worked.

47. Other similarly situated workers were also not paid time and half for all hours worked in excess of forty (40) hours per week.

48. Other similarly situated workers were also required to utilize two separate time cards to track their first forty (40) hours of work and all hours in excess of those first forty (40) hours per week.

49. Defendant Salvatore Vitale required and instructed Plaintiff and others similarly situated to use this two card system.

50. Neither Plaintiff nor others similarly situated, were not paid an overtime rate of time and one-half of their regular rate for any hours worked in excess of (40) forty hours in a work week during his employment.

51. Defendant Salvatore told Plaintiff and other workers that he does not pay an overtime premium for any hours worked in excess of forty (40) hours per week.

52. Defendant Salvatore was and is responsible for the day to day operation of Defendant Vitale's and was and is directly involved in the decisions regarding the recruitment, hiring, work duties, scheduling and compensation of Plaintiff and others similarly situated.

53. Defendant Salvatore was and is responsible for the implementation and enforcement of company wide policies and practices.

54. Defendant Belinda Pierce was responsible for payroll, and was ultimately in charge in verifying time cards.

55. Defendant Belinda Pierce would issue the workers their payroll checks and pay them in cash.

56. During the period of the parties' employment relationship, Defendants failed to pay overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

57. It was and is Defendants' company wide policy and practice not to compensate Plaintiff and those in similar situated time and one half for all hours worked over forty (40) in a single workweek.

58. As a result of Defendants' company wide employment policy, Plaintiff and others similarly situated were not compensated for all hours worked at the appropriate rate per workweek during their period of employment.

59. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek.

60. Defendants did not compensate the Plaintiff at a rate of one and one-half times his regular hourly rate for time worked over forty (40) hours per week as required by the FLSA.

61. The above allegations apply equally to the Class Members.

## WILLFUL VIOLATIONS OF THE FLSA

62. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff.

63. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

64. Defendant Salvatore told his employees he does not pay an overtime premium for any hours worked in excess of forty (40) per week.

65. Defendant Salvatore required his employees to keep two separate time cards; one for hours worked under forty (40) and one for hours worked over forty (40) in a week.

66. Defendants would pay Plaintiff and others similarly situated cash for hours worked over forty (40).

67. Defendants did not display notice, as required by the Department of Labor, addressing Plaintiff's wage and hour right.

68. Defendants utilized their business to subvert their obligations under federal law.

69. Defendants knew or should have known that the company wide policy and practice was in violation of the FLSA.

70. Defendants actively misled the Plaintiffs as to their right to receive overtime pay throughout their employment.

71. Defendants actively misrepresented to the Plaintiffs their right to receive overtime pay.

72. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, employees are entitled to their unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

73. Plaintiffs are entitled to equitable tolling of the statute of limitations extending the limitations period beyond the three years permitted under the FLSA.

## PLAINTIFF EMILIO TORRES

74. Plaintiff Emilio Torres began working for Defendants Vitale's Italian Restaurant, Inc., Salvatore Vitale, and Belinda Pierce in May of 2017.

75. Plaintiff Emilio Torres was hired by Defendant Salvatore.

76. Plaintiff Emilio Torres was fired by Defendant Salvatore on May 7, 2018.

77. Plaintiff Emilio Torres worked the following schedule: Monday through Saturday, from 7:30 AM to 9:00 PM or 10:00 PM depending.

78. Plaintiff Emilio Torres worked approximately seventy five (75) hours per work week during his employment.

79. Plaintiff was employed to perform general non-exempt labor for the Defendant.

80. Plaintiff Emilio Torres was paid roughly $1200 bi-weekly during his employment based on an hourly rate of $15 per hour.

81. Plaintiff Emilio Torres was never paid an overtime premium for any hours in excess of 40 that he worked.

## COLLECTIVE ACTION ALLEGATIONS

82. Plaintiff realleges and incorporates herein all previous paragraphs.

83. All claims set forth in Count I of this action are brought pursuant to the FLSA, 29 U.S.C. § 216(b). Named Plaintiff brings this count on his own behalf and on behalf of all other current or former employees who 1) worked or are working for Defendants at any time in the three years prior to the filing of this action, and 2) were or are subject to the violations of the FLSA described in Count I. Named Plaintiff does not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

84. With respect to Count I, a collective action under the FLSA is appropriate because under 29 U.S.C. § 216(b) the employees described are "similarly situated" to the named Plaintiff.

85. The class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiff, were or are subject to the same or similar

unlawful practices, policy, or plan as the individually named Plaintiff, and their claims are based upon the same legal theory as the individually named Plaintiff.

86. The precise numbers of class individuals are known only to the Defendants, and are believed to include well over one hundred (100) individuals.

87. The class of individuals spans all employees who worked for Defendants.

88. As such, the class of similarly situated Class Members are properly defined as follows:

*Current and former employees of Vitale's Italian Restaurant, Inc. and Salvatore Vitale who were not paid time-and-a-half for hours worked in excess of 40 hours during a workweek.*

Plaintiffs reserve the right to amend this definition as necessary.

## COUNT I
## Violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.
## FAILURE TO STATUTORY OVERTIME WAGE

89. Plaintiff realleges and incorporates herein all previous paragraphs.

90. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

91. At all relevant times, Plaintiff and Class members were "employee[s]" of Defendants as the term is defined under the FLSA.

92. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

93. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. §206.

94. By failing to compensate Plaintiff and Class Members a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a). Plaintiff is a victim of a uniform and company-wide enterprise which operates to not compensate employees one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek. This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all employees who have worked or are working for Defendants.

95. Defendants' violations of the FLSA were knowing and willful.

96. By failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek,

        Defendants have violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §206(a)(1), § 207(a)(1) and § 215(a).

97. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

98. As a result of Defendants' violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set for in Count I;

B. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under this litigation;

C. Designation of Named Plaintiffs as Representatives of the Class Members;

D. Designation of Plaintiff's counsel as Class counsel;

E. Declaring Defendants willfully violated the Fair Labor Standards Act and its attendant regulations as set forth in Count I;

F. Declaring Defendants violated its obligations under the FLSA;

G. Granting judgment in favor of Plaintiff and Class Members and against Defendant on the FLSA claim as set forth in Count I and awarding each the amount of his/her unpaid wages, along with an equal amount as liquidated damages;

H.     Grant Plaintiff equitable tolling of the statute of limitation beyond the three (3) years as prescribed by the statute;

I.     Awarding Plaintiffs and Class Members the costs of this action;

J.     Awarding Plaintiffs and Class Members reasonable attorneys' fees pursuant to the FLSA;

K.     Awarding Plaintiffs and Class Members pre- and post-judgment interest on their damages;

L.     Defendant pay prejudgment interest to Plaintiffs and Class Members on these damages;

M.     The Court grant such other and further relief as the Court may deem just or equitable.

## JURY DEMAND

NOW COMES Plaintiff, by and through their attorney, and hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 15, 2018                    Respectfully Submitted,

                                                   */s/ Robert Anthony Alvarez*    .
                                                   Robert Anthony Alvarez (P66954)
                                                   Attorney for Plaintiff
                                                   Avanti Law Group. PLLC

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 05-14-18

Emilio Torres