**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EMILIO TORRES, an individual and on behalf of all similarly situated,

Plaintiff,

v

VITALE'S ITALIAN RESTAURANT, INC., a Michigan corporation, d/b/a VITALE'S GRAND RAPIDS, SALVATORE VITALE, an individual, and BELINDA PIERSON, an individual,

Defendants.

Case No. 1:18-cv-547

Hon. Paul L. Maloney

Robert Anthony Alvarez (P66954)
Agustin Henriquez (P79589)
**Avanti Law Group, PLLC**
Attorneys for Plaintiff
600 28th St., S.W.
Wyoming, MI 49509
(616) 257-6807
Email: ralvarez@avantilaw.com

Ian A. Northon (P65082)
Hal G. Ostrow (P63999)
Patrick E. Sweeney (P79822)
**Rhoades McKee PC**
Attorneys for Defendants
55 Campau Ave., N.W., Suite 300
Grand Rapids, MI 49503
(616) 235-3500
Email: ian@rhoadesmckee.com

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CONDITIONAL CLASS CERTIFICATION**

Plaintiff Emilio Torres ("Torres") filed his FLSA Collective Action Complaint on May 15, 2018.[1] On May 16, 2019, this Court denied without prejudice Torres' motion for conditional certification of a collective action. In its order, ECF No. 30, the Court identified three deficiencies with Torres' motion preventing him from receiving conditional class certification:

[1] Torres filed a First Amended Collective Action Complaint on June 22, 2018 (the "Complaint"), which is the current operative pleading. As the Court knows, Torres filed three separate federal lawsuits against this Vitale's restaurant and its owner: this FLSA Collective Action (Case No. 1:18-cv-000547); a federal RICO Complaint (Case No. 1:18-cv-00766); and a second FLSA Complaint for alleged retaliation (Case No. 1:18-cv-01088). This Court has dismissed Torres' RICO lawsuit for failure to state a claim. 1:18-cv-766, ECF Nos. 29 and 30.

1.) Torres did not submit any affidavits or unsworn declarations—or any evidence at all—supporting his assertion that a class of similarly situated plaintiffs exists;[2] 2.) Torres' proposed class definition was either "too broad or undefined" because none of the proposed classes would include a group a group of employees subject to the alleged common plan or policy to violate the FLSA;[3] and 3.) Torres' claim was not "substantially similar" to other employees identified in the proposed class definition because, unlike Torres, the proposed class definition did not include employees who requested payments in cash.[4]

Torres is now taking his second bite at obtaining conditional class certification against the Restaurant. Torres failed to remedy the three deficiencies, however, which is fatal. Specifically, Torres' proposed class definition is still "too broad and undefined" because Torres no longer even alleges a common plan or policy. Instead of narrowing or refining his allegations, Torres now simply alleges that Defendants violated the FLSA by failing to pay some undefined number of Vitale's employees all of their overtime wages. There is no basis for the Court to review whether these contentions are "substantially similar"—Torres appears to be alleging little more than 'Defendants have underpaid employees.' Further, Torres has not submitted ***any*** evidence in support of his contention that a plan or policy existed at Vitale's to allegedly, "fail to pay overtime at a rate not less than one and one-half times the regular rate..." Even Torres' proposed opt-in plaintiff Jovan Whiteside tacitly acknowledges that he ***was*** paid for overtime at a rate in excess of his "regular rate." Finally, Torres has failed to establish that the proposed class claims would be substantially similar to his own claim. Torres *still* does not refute that he specifically negotiated with Salvatore Vitale to receive his overtime payments in cash, and

---

2 See Order denying Plaintiff's motion for conditional certification, ECF No. 30, PageID. 397-399.

3 *Id.* at PageID. 399-400.

4 *Id.* at PageID. 402.

Torres' proposed class still does not include "employees who negotiated cash payments for overtime and bonuses."[5]

Because Torres failed to correct the fatal deficiencies in his first motion for conditional class certification, this Court should deny his second motion for conditional class certification, now with prejudice.

## RELEVANT BACKGROUND AND EVIDENCE

### I. TORRES' ALLEGATIONS

Torres says he has been employed by Vitale's Italian Restaurant on Leonard Street in Grand Rapids (the "Restaurant") on three separate occasions: from February 2010 to December 2010; from May 2012 to June 2014; and, most recently, from March 2017 to May 7, 2018. FLSA Complaint, ¶ 34. It is this most recent employment term (March 2017 to May 7, 2018) that purportedly gives rise to Torres' instant FLSA claims. The Restaurant hired Torres to serve as the "back of the house/Kitchen Manager" Defendants' Answer ("Answer"), ¶ 38.

As the basis for his FLSA action, Torres alleges that he and other "similarly situated employees" were not paid minimum wage and were not paid time-and-a-half for overtime (i.e., hours worked in excess of 40 hours per week). Complaint, ¶ 6. Torres alleges that the Restaurant's management required him to use "two different time cards" and that he and other employees were "required to punch 40 hours on one time card and any hours worked in excess of those first forty (40) hours on the second time card." Complaint, ¶ 47. According to Torres, he and other employees were paid straight time, by cash or paycheck, for forty hours per week reported on the first timecard. Complaint, ¶¶ 52-57. In support of his second motion for

---

[5] *Id.* at PageID. 402.

conditional class certification, Torres has submitted an affidavit averring, among other things, that:

a.) "Salvatore [Vitale] set [Torres'] rate of pay" and "set other employees' rate of pay[;]"

b.) "[Torres] was paid at a straight time rate for all hours worked" and "was not compensated at a rate of time and one-half times [Torres'] regulate rate for hours worked over forty (40) in a workweek[;]" and

c.) "[Torres] personally know[s] that other employees at Vitale's were not compensated at a rate of time and one-half their regular rate for hours worked over forty (40) in a workweek."

See Exhibit B to Torres' second motion for conditional class certification, PageID. 595.

Torres also supports his motion with an unsworn declaration[6] of Jovan Whiteside ("Whiteside"), another former employee of Vitale's. Whiteside is purportedly a member of Torres' proposed class and a prospective opt-in plaintiff. Whiteside is the only[7] former Vitale's employee that has offered any statement or evidence in support of Torres' allegations. As is pertinent to the instant motion, Whiteside declares:

a.) "[Whiteside] was paid at a straight time rate for the ***majority of*** hours worked at Vitale's" and "was not compensated at a rate of time and one-half my regular rate for the ***majority of*** [his] hours worked over forty (40) in a workweek at Vitale's[;]" and

b.) "[Whiteside] personally know[s] that other employees at Vitale's were not compensated at a rate of time and one-half their regular rate for hours worked over forty (40) in a workweek."

---

6 Torres still refers to this document, attached as Exhibit C to his motion, as an "affidavit." It is not notarized, therefore it is not an affidavit. Defendants acknowledge that this signed document, assuming that Whiteside's signature is authentic, constitutes an "unsworn declaration" pursuant to 28 U.S.C. § 1746.

7 Torres has represented to the Court that his proposed class is "believed to include well over one hundred (100) individuals." Complaint at ¶ 99, PageID. 82. However, in the ***seventeen months*** since Torres filed this lawsuit, only a ***single*** purported class member has emerged to support him, despite Torres' averment that he "personally know[s] that other employees at Vitale's were not compensated at a rate of time and one-half their regular rate for hours worked over forty (40) in a workweek." Torres Affidavit, PageID. 595.

See Exhibit C to Torres' second motion for conditional class certification, PageID. 598 (emphasis added).

## II. DEFENDANTS' RESPONSES TO TORRES' ALLEGATIONS

Defendants attach here the same two affidavits that they submitted in opposition to Torres' first motion for conditional class certification. Pertinent to this motion, Defendant Salvatore Vitale ("Salvatore") avers that:

> a.) "In early September 2017, Mr. Torres approached me and complained about how he was receiving paychecks" and "demanded that he be paid in cash for any overtime or bonuses[;]" and
>
> b.) "[Salvatore] initially objected to Mr. Torres' demand, but agreed when he threatened to quit, which would have left the Restaurant without a full-time Kitchen Manager."

See **Exhibit 1**, Affidavit of Salvatore Vitale. Torres has submitted no evidence or statements disputing that Torres demanded to be paid his overtime and bonuses in cash.

Defendant Belinda Pierson avers that:

> a.) "...Mr. Whiteside was arrested by the Grand Rapids Police Department for allegedly driving on a suspended license. As a favor to Mr. Whiteside, [Vitale's] agreed to pay his bail as an advance on Mr. Whiteside's future hourly wages ... Following his arrest, Mr. Whiteside continued to work at [Vitale's] with his hourly wages applied against his advance until that amount was satisfied[;]"
>
> b.) "[Whiteside] was never paid in cash" and "His pay records show that he was in fact paid overtime for hours worked in excess of forty per week" and those records are attached to Pierson's affidavit.

See **Exhibit 2**, Affidavit of Belinda Pierson. Whiteside's declaration does not dispute that he received overtime pay, and instead he seems to be stating that he did not receive ***all*** of the overtime pay to which he was allegedly entitled.

## III. TORRES' PROPOSED CLASS AND THE ALLEGED PLAN OR POLICY OF DEFENDANTS TO VIOLATE THE FLSA

In his first motion for conditional certification, Torres advanced disparate definitions of his proposed class. He suggested that the class should either be defined as:

> All individuals who worked or are working at Vitale's Italian Restaurant, Inc., d/b/a Vitale's Grand Rapids located on Leonard Street who were not paid time and a half (overtime) for any hours worked beyond 40 hours in a week at any time after May 15, 2015.

or

> All of Defendants' current and former employees who are not or were not paid time-and-a-half for hours worked in excess of 40 hours during a workweek before the filing of this Complaint up to the present.

See Order denying Torres' motion for conditional certification at PageID. 393. The Court noted in its Order that "plaintiff has submitted different definitions of the proposed class with respect to the timeframe and employers." PageID. 400. In an apparent effort to resolve the discrepancy, Torres has now submitted the following proposed class definition:

> Current and former employees of Vitale's Italian Restaurant, Inc. d/b/a Vitale's Grand Rapids who were not compensated at a rate of time and one-half their regular rate for any hours worked in excess of 40 hours in a workweek at any time from May 15, 2015, to the present.

See Torres' second motion for conditional class certification, PageID. 437.

Regarding the alleged common plan or policy applied to the proposed class members to violate their rights under the FLSA, Torres asserted that Defendants "us[ed] two time cards; paying employees with checks for the regular hours worked (as reflected on the first time card); paying employees at their regular hourly rates for overtime hours worked (as reflected on the second time card); and, paying the overtime hours in case without withholding income taxes." PageID. 399-400. The Court concluded that Torres' motion was legally insufficient because

"*none* of the proposed classes include a group of employees who were subject to the alleged common policy or plan." PageID. 400.

In response to the Court's ruling, Torres has changed his definition of the alleged common policy or plan of Defendants, but not cured the defects. Torres now asserts that Defendants had a "company-wide policy and practice of failing to pay overtime at a rate not less than one and one-half times the regular rate for hours worked over forty (40) in a workweek as required by the FLSA." See Torres' second motion for conditional class certification, PageID. 447. This definition of the alleged common plan or policy omits any reference to allegations of a "two time card" system or cash payments, and contains no specific reference to whether this alleged plan or policy was uniformly applied to all employees, or to whether individual class members were always deprived of their FLSA-mandated overtime pay.[8]

## LAW AND ARGUMENT

### IV. CONDITIONAL *FLSA* COLLECTIVE ACTION CLASS CERTIFICATION

Section 216(b) of the FLSA allows "similarly situated" employees to recover compensation from their employer in "opt-in" collective action litigation. In its Order denying Torres' first motion for conditional class certification, the Court recited at length the legal standards governing review of such a motion. The legal standard is the same this time; highlights of the Court's recitation are included below:

[8] To the extent that by alleging a "company-wide" policy of FLSA violations, Torres is suggesting that ***all*** Vitale's employees were ***never*** paid their FLSA-mandated overtime pay, Torres' own evidence refutes that allegation. Specifically, Whiteside has admitted that he did, in fact, receive overtime pay. The payment records attached to Pierson's affidavit confirm this. Suffice to say that while Torres can baldly allege the existence of a policy that his own evidence, and contemporaneous documentation, disproves, this Court should decline Torres' invitation to grant class certification based on these unfounded and demonstrably false theories.

> For the action to proceed as a collective action, the court must be satisfied that all the plaintiffs are "similarly situated." See 29 U.S.C. § 216(b); *O'Brien* [*v. Ed Donnelly Enters., Inc.*], 575 F.3d [567,] 583 [(6th Cir. 2009)]. … "The lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs." *O'Brien*, 575 F.3d at 584. A district court's certification rulings in an FLSA action fall within the court's discretion. *Id.* …
>
> Federal courts typically follow a two-stage certification process for determining whether all plaintiffs are similarly situated. *See id.* at 583; *Lindberg v. UHS of Lakeside, LLC*, 761 F.Supp.2d 752, 757 (W.D. Tenn. 2011); *Wlotkowski v. Michigan Bell Tel. Co.*, 267 F.R.D. 213, 217 (E.D. Mich. 2010). The first stage has been referred to as the "notice stage" or "conditional certification stage." …
>
> … The burden on the lead plaintiffs in this first stage is "fairly lenient." *Hipp* [*v. Liberty Nat. Life Ins. Co.*], 252 F.3d [1208,] 1214 [11th Cir. 2001)] (quoting *Mooney* [*v. Aramco Servs. Co.*], 54 F.3d [1207,] 1214); *Wlotkowski*, 267 F.R.D. at 217 (citing *Olivo v. GMAC Mortg. Corp.*, 374 F.Supp.2d 545, 548 (E.D. Mich. 2004)). ... Because Plaintiffs were afforded limited discovery, they may not rest on the unsupported allegations in their complaint, but must put forth a "modest factual showing" that the putative plaintiffs are similarly situated. *Olivo*, 374 F.Supp.2d at 548 n. 1 [further citations omitted].

Order denying Torres' first motion for conditional class certification, PageID. 394.

Further, "Although Plaintiff's burden at [the first] stage [of certification] is not particularly onerous, conditional class certification is not a rubber stamp" and the court should "not facilitate notice unless the facts and circumstances of the case indicate that a class of employee exists that is made up of individuals who are similarly situation as 'victims of a common policy or plan that violated the law.'" *Purdham v. Fairfax Cty. Pub. Sch.*, 629 FSupp2d 544, 547 (E.D. Va. 2009) (emphasis added). For example, in *O'Brien*, upon which Torres relies heavily in his memorandum in support of this motion, the Sixth Circuit found that the plaintiff had proffered evidence sufficient for conditional class certification because the plaintiffs had advanced cogent theories regarding how the class members' FLSA rights were violated.

> "[T]he plaintiffs were similarly situated, because their claims were unified by common theories of defendants' statutory violations… The claims were unified so, because plaintiffs articulated two common means by which they were

> allegedly cheated: forcing employees to work off clock and improperly editing time-sheets."

575 F.3d at 585. In *Frye v. Baptist Memorial Hospital, Inc.*, the Sixth Circuit noted that "the similarities necessary to maintain a collective action under § 216(b) must extend beyond the mere facts of job duties and pay provisions. Otherwise, it is doubtful that § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse." 495 Fed. Appx. 669, 671-72; 2012 WL 3570657 (6th Cir. 2012) (internal citations and marks omitted).

## V. TORRES' PROPOSED COLLECTIVE ACTION CLASS IS STILL TOO BROAD AND UNDEFINED

By expanding the definition of his alleged "plan or practice" to any violation of the FLSA, Torres has essentially rendered the definition meaningless. Torres is now suggesting that Defendants violated the purported class members' FLSA rights by "failing to pay overtime" at the FLSA-mandated rate. PageID. 447. There is no allegation regarding how Vitale's perpetrated this FLSA violation vis-à-vis any of the purported class members.

At least in his prior motion, Torres advanced a facially cogent theory explaining how the alleged FLSA violations were accomplished: employees would be given two timecards, and would record any hours worked over 40 in a given week on a second time card. They would then be given a paycheck for the hours on the first card and cash for the hours on the second card. When the Court pointed out that Torres had not advanced any support for his suggestion that this policy was applied to anyone but himself, Torres' response was apparently to disregard his entire theory and flatly state that Defendants violated the FLSA, without explaining how. This overbreadth and ambiguity is reflected in Torres' proposed definition of the class, which

would include any "Current and former employees of Vitale's" "who were not compensated at" the FLSA-mandated overtime rate, regardless of how this alleged underpayment was performed.

Torres' new "plan or practice" is so broad and vague that the Court is left with no basis to evaluate it. Taking as true Torres' allegation that other Vitale's employees were not paid their FLSA-mandated overtime rate, (which Defendants deny), there is no way for the Court to determine whether the manner in which those FLSA rights were violated is sufficient to classify the purported class members as "similarly situated."

The allegations regarding Torres' alleged deprivation of pay, as compared to Whiteside's alleged deprivation of pay, demonstrate that those two individuals are ***not*** similarly situated. Torres alleges that he filled out a second time card for hours worked in excess of forty, and was paid cash for the hours recorded on that second card. Torres further alleges that he never received his FLSA-mandated overtime pay.[9] Whiteside broadly alleges that he was not properly paid for all of his overtime, but acknowledges circumstances in which he was paid in excess of his straight time rate.[10] Whiteside makes no allegations regarding a two-timecard system, and Pierson avers that Whiteside never had a second timecard. Even taken as true, Torres' and Whiteside's allegations demonstrate that there are significant factual discrepancies between the two alleged methods of depriving them of their FLSA rights, nullifying the benefit of adjudicating their claims together as a collective action.

Torres also fails to allege that the "plan or policy" to violate the FLSA was uniformly applied to all Vitale's employees. In his memorandum in support of his motion, Torres states

---

9 See Torres affidavit, PageID. 595 ("I was not compensated at a rate of time and one-half times my regular rate for hours worked over forty (40) in a workweek.").

10 See Whiteside declaration, PageID. 598 ("I was not compensated at a rate of time and one-half my regular rate for the majority of my hours worked over forty (40) in a workweek at Vitale's.").

that he alleged "Defendants' policy and practice of refusing to pay overtime premiums was uniformly applied to all workers" and "Plaintiff and Class Members were treated identically with respect to the method by which wages were calculated[.]" PageID. 448. But that conclusory argument is self-contradictory and demonstrably untrue. Plaintiff never alleged in his Complaint that there was "uniform" treatment of all Vitale's employees with regard to this alleged plan or policy. Further, neither the affidavit of Torres nor the declaration of Whiteside state that there was any uniform application of a plan or policy. Rather, each declaration states they "personally know that other employees at Vitale's were paid at a straight time rate for their overtime hours worked in a workweek."[11] Asserting knowledge that others were allegedly underpaid is a far cry from alleging a uniform application of a plan or policy. And despite their assertions that other 'victims' of this alleged policy exist, no other prospective class member has appeared after seventeen months of litigation.

Torres cannot cure the fatal defects for his proposed class by redefining it to the point that it is rendered meaningless. In short, Torres still fails to make the "'modest factual showing' that the putative plaintiffs are similarly situated." *Olivo*, 374 F.Supp.2d at 548 n. 1.

## VI. TORRES FAILED TO PRODUCE EVIDENCE SHOWING THAT HE IS AN APPROPRIATE REPRESENTATIVE FOR THE PROPOSED CLASS

In denying Torres' prior motion for conditional class certification, the Court noted that he was not an appropriate class representative because he had negotiated to be paid in cash. PageID. 401-402. "[T]he plaintiff must show only that 'his position is similar, not identical to the positions held by the putative class members.'" PageID. 401, quoting *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 483-484 (S.D. Ohio 2014). Because the proposed class did not include

---

11 This statement is identical in both Torres' affidavit and Whiteside's declaration.

"employees who negotiated cash payments for overtime and bonuses[,]" Torres was not "similarly situated" to the members. PageID. 402.

Torres has not amended his proposed class definition to include employees who negotiated to be paid in cash for overtime. And Torres has not refuted the averment of Salvatore that Torres did, in fact, demand to be paid in cash for overtime. Torres has therefore failed to cure this fatal defect in his proposed class definition, and the Court should deny his motion for conditional class certification a second time.

## CONCLUSION

Torres failed to cure the fatal defects identified by the Court in his initial motion for conditional class certification. Once again, he has not made the modest factual showing required to obtain conditional certification. Rather, this second motion demonstrates that there is no class of "similarly situated" current or former Vitale's employees that would justify granting Torres collective class certification. Torres is uniquely situated among the members of his proposed class. Defendants request that the Court deny Torres' second motion for conditional certification with prejudice.

Respectfully Submitted,

Dated: October 15, 2018

RHOADES MCKEE PC

By:/s/ Ian A. Northon

Ian A. Northon (P65082)
Hal G. Ostrow (P63999)
Patrick E. Sweeney (P79822)
Business Address:
55 Campau Avenue, N.W., Suite 300
Grand Rapids, MI 49503
Telephone: (616) 235-3500
ian@rhoadesmckee.com
smd@rhoadesmckee.com

# EXHIBIT "1"

**AFFIDAVIT OF SALVATORE VITALE**

County of Kent )
)
State of Michigan )

Salvatore Vitale, being duly sworn, states as follows:

1. I have personal knowledge of the facts stated in this Affidavit and, if called as a witness, I am competent to testify to them.

2. I am the owner of Vitale's Italian Restaurant located at 834 Leonard Street, NE, Grand Rapids, MI 49503 (the "Restaurant"), which I've operated continuously for over 52 years.

3. The Restaurant has been organized in its current form as Vitale's Italian Restaurant, Inc., since 1987. I am currently its sole owner and registered agent.

4. Mr. Torres previously worked the Restaurant in 2012 and 2014.

5. I never fired Mr. Torres. Each time he stopped working at the Restaurant he walked out to take another job. We treated each departure (no call/ no show) as a voluntary quit.

6. In March 2017, I re-hired Mr. Emilio Torres to serve as the "back of the house/Kitchen Manager" at the Restaurant.

7. As "back of the house/Kitchen Manager," Mr. Torres was responsible for cooking and supervising meal preparation. He had supervisory and managerial duties at the Restaurant, including but not limited to hiring and firing of entry-level kitchen staff, setting wages for his direct reports and entry-level kitchen staff, setting work schedules for himself and his direct reports, opening the building in the mornings, and overseeing morning cleaning crews.

8. Mr. Torres insisted on running the kitchen "his way" and I trusted him to do so.

9. In early September 2017, Mr. Torres approached me and complained about how he was receiving paychecks.

10. Mr. Torres demanded that he be paid in cash for any overtime or bonuses.

11. I initially objected to Mr. Torres' demand, but agreed when he threatened to quit, which would have left the Restaurant without a full-time Kitchen Manager.

12. In early May 2018, Mr. Torres failed to appear for work at the Restaurant and did not appear for his shift for several days in a row. Contemporaneous written evidence of the discipline are in Mr. Torres's employment file, which is attached in relevant part as Affidavit Exhibit A.

13. After this string of "no call/ no shows" I believed Emilio could no longer be trusted to open the Restaurant as kitchen manager and had my other managers ask for his keys to the Restaurant back.

14. Specifically on May 7, 2018, we were in the process of demoting and disciplining Mr. Torres for failing to show up to work several days in a row and asked him to return his keys to the Restaurant and freezer.

15. Rather than suffer discipline or continue to work as scheduled, Mr. Torres took off his apron and walked off the job.

16. Given his prior history of walking off the job and recent refusals to appear for work, I concluded that Mr. Torres had quit his employment at the Restaurant.

17. At my direction, the Restaurant's Office Manager, Belinda Pierson, sent a contemporaneous letter to the State unemployment office and challenged Mr. Torres' demand for unemployment and his contention that he was fired, which is attached as Affidavit ExPhibit B.

18. When Mr. Torres quit for the third (and final) time, he took the Restaurant's charge card (for Gordon Foods), and failed to return his timecards or other Restaurant paperwork. Despite repeated verbal and written demands that he return these items, Mr. Torres has refused to return all of the Restaurant's belongings.

FURTHER AFFIANT SAYETH NOT.

Salvatore Vitale

Subscribed and sworn before me on
October 3, 2018

Tom Flickinger, Notary Public
Kent County, Michigan
Acting in Kent County, Michigan
My Commission Expires: July 3, 2022.

# AFFIDAVIT EXHIBIT A

# DISCIPLINARY ACTION REPORT

EMPLOYEE NAME: Emilio Torres POSITION: Bar Cook Mgr

DATE OF VIOLATION: 5-5-18 DEPARTMENT: Sports Bar

This is to confirm in writing, the disciplinary action taken against you for the reason(s) shown below.

**REASON FOR DISCIPLINE**

- ____ Excessive tardiness or absenteeism
- X Insubordination
- X Unsatisfactory work performance
- X Failure to follow direct work order
- ____ Improper personal conduct
- ____ Intoxication
- ____ Left work place without permission
- ____ Unacceptable personal appearance/ Uniform standards
- ____ Improper member relations
- X Violation of company policy
- ____ Destruction of company property
- ____ Other just cause

**DISCIPLINARY ACTION TAKEN**

- ____ Verbal Warning
- X Written Warning

Additional "warnings" may result in your suspension without pay or termination.

____ Suspension for ____ days.
Effective from:____ to ____
____ Termination
Effective date: ________

**DESCRIPTION OF CIRCUMSTANCES**

No Call No show
This is the second time he has done this within two weeks. He also did the same thing in the month of April.

SUPERVISOR'S SIGNATURE: [signature] DATE ISSUED: 5-5-18

EMPLOYEE'S SIGNATURE: ____________________ DATE RECEIVED: ______

# DISCIPLINARY ACTION REPORT

EMPLOYEE NAME: Emilio Torres POSITION: Bar Cook mgr

DATE OF VIOLATION: 5-7-18 DEPARTMENT: Sports Bar

This is to confirm in writing, the disciplinary action taken against you for the reason(s) shown below.

**REASON FOR DISCIPLINE**

- ____ Excessive tardiness or absenteeism
- _X_ Insubordination
- ____ Unsatisfactory work performance
- _X_ Failure to follow direct work order
- ____ Improper personal conduct
- ____ Intoxication
- ____ Left work place without permission
- ____ Unacceptable personal appearance/ Uniform standards
- ____ Improper member relations
- _X_ Violation of company policy
- ____ Destruction of company property
- ____ Other just cause

**DISCIPLINARY ACTION TAKEN**

- ____ Verbal Warning
- ____ Written Warning

Additional "warnings" may result in your suspension without pay or termination.

- ____ Suspension for ____ days. Effective from: ____ to ____
- _X_ Termination Effective date: 5-7-18

**DESCRIPTION OF CIRCUMSTANCES**

Emilio Torres was in the Parking lot Parked So I Stopped in too find out what was going on with him, I walked into the kitchen and he was Packing his belongings and had handed his keys over to Angelo Piccone Again he never Called Saturday or Sunday.

SUPERVISOR'S SIGNATURE: [signature] DATE ISSUED: 5-7-18

EMPLOYEE'S SIGNATURE: ________ DATE RECEIVED: ______

# DISCIPLINARY ACTION REPORT

EMPLOYEE NAME: Emilio Torres POSITION: Line Cook

DATE OF VIOLATION: 5-5-18 DEPARTMENT: Bar Cook

This is to confirm in writing, the disciplinary action taken against you for the reason(s) shown below.

REASON FOR DISCIPLINE

____ Excessive tardiness or absenteeism
____ Insubordination
____ Unsatisfactory work performance
____ Failure to follow direct work order
____ Improper personal conduct
____ Intoxication
____ Left work place without permission
____ Unacceptable personal appearance/ Uniform standards
____ Improper member relations
____ Violation of company policy
____ Destruction of company property
____ Other just cause

DISCIPLINARY ACTION TAKEN

____ Verbal Warning
____ Written Warning
Additional "warnings" may result in your suspension without pay or termination.
____ Suspension for ____ days.
Effective from: ____ to ____
X Termination
Effective date: 5-5-18

DESCRIPTION OF CIRCUMSTANCES

NO Show, Showed back up on 5-7-18 to grab his belongings and Quit,

SUPERVISOR'S SIGNATURE: Jarrod Pray DATE ISSUED: 5-9-18

EMPLOYEE'S SIGNATURE: ____________ DATE RECEIVED: ______

# AFFIDAVIT EXHIBIT B

May 17, 2018

To Whom it may concern,

Mr. Emilio Torres was employed here from 3/6/17 to 5/7/18. He also previously worked for us in 2012 and 2015 and walked out both times.

Mr. Torres then showed up on Monday, May 7th and was asked for his keys as he was removed from his supervisory position. Instead of working he gathered his things and walked out.

We are treating his walk out as a voluntary quit.

We are requesting that he be denied.

Sincerely,

Belinda Pierson
Vitale's Italian Restaurant
616-458-6265
EAN: 1108619 000

UIA 1713 C/E
(Rev. 07-16)
Rick Snyder
GOVERNOR

State of Michigan
DEPARTMENT OF TALENT AND ECONOMIC DEVELOPMENT
Talent Investment Agency
Unemployment Insurance

Authorized By
MCL 421.1 et seq.
Roger Curtis
TED Director
Wanda M. Stokes
TIA Director

VITALES ITALIAN RESTAURANT INC
834 LEONARD ST NE
GRAND RAPIDS MI 49503-1139

**Mail Date:** **May 8, 2018**
**Letter ID:** **L0045696362**
**EAN:** **1108619 000**
**Name:** **VITALES ITALIAN RESTAURANT INC**

## Request for Information Relative to Possible Ineligibility or Disqualification

Claimant Name: EMILIO TORRES
Social Security Number: ###-##-4990 Case Number: 11646313
Benefit Year Begin: May 6, 2018

A question of eligibility and/or qualification has been raised on a claim in which you are an interested party. Please respond to the questions on the reverse side of this form. You should keep a copy for your records. The completed form must be received by the UIA within 10 calendar days of the mail date shown. **Failure to respond to this request for information will result in issuance of a determination based on available information.** In addition, failure to submit adequate and timely responses may result in your account being charged in accordance with Section 20(a), even where the individual is disqualified or ineligible for benefits.

Respond by Mail: UIA
PO Box 169
Grand Rapids MI 49501-0169

Fax: (517) 636-0427

Office of Employer Ombudsman: 1-855-484-2636

TTY Customers: 1-866-366-0004

You can submit "Form UIA 1713, Request for Information Relative to Possible Ineligibility or Disqualification" responses electronically through MiWAM. To access MiWAM, go to www.michigan.gov/uia and click on "Michigan Web Account Manager for Claimants and Employers". If you already have an existing MiWAM account, log in and select the Fact Finding tab. If you do not have an existing MiWAM account, you can create an account by selecting "Register As a New User", and follow the prompts. Online responses must be submitted within 10 calendar days of mail date shown above.

**Penalties:** If it is determined that you intentionally made a false statement, misrepresented the facts or concealed material information for the purpose of paying or preventing benefits, then the penalty provisions of Section 54 of the Michigan Employment Security (MES) Act will be applied and you will be subject to any or all of the following: You may be required to repay the benefits paid or withheld, and in addition, pay a penalty of three times that amount. If criminally prosecuted, you will be required to pay court costs and fines, face jail time, perform community service, or all or any combination of these.

TED is an Equal Opportunity Employer/Program.

Auxiliary aids, services and other reasonable accommodations are available upon request to individuals with disabilities.



UIA 1713 C/E
(Rev. 07-16)

**Letter ID:** **L0045696362**

Additional information is necessary regarding Poor Attendance.

NO N/A

Was the last incident prior to the claimants discharge due to poor attendance?

Yes (No) HE QUIT BY WALKING OUT.

Please explain the final incident that caused the claimant to be discharged.

WAS REMOVED FROM SUPERVISORY POSITION AND WALKED OUT. ON 5/7/18

On what date was the claimant fired?

HE QUIT ON 5/7/18

Who fired the claimant? Give name and title.

HE QUIT ON 5/7/18. BY WALKING OUT.

On what date did the incident which caused the firing occur?

HE WASN'T FIRED HE QUIT. ON 5/7/18.

Before the claimant was fired, did they receive any verbal or written warnings for the violation which caused their termination?

Yes No N/A BECAUSE HE QUIT BY WALKING OUT AGAIN.

Please provide the type and date for each warning:

HE WAS REMOVED FROM SUPERVISORY POSITION AND WALKED OUT RIGHT AFTER.

Did claimant give you proper notification of his absence or tardiness at the earliest possible time?

Yes (No) HE QUIT BY WALKING OUT

What was the reason for the claimant's last absence or tardiness?

Child Care
Illness of a Family Member

TED is an Equal Opportunity Employer/Program.

Auxiliary aids, services and other reasonable accommodations are available upon request to individuals with disabilities.




UIA 1713 C/E
(Rev. 07-16)

**Letter ID:** **L0045696362**

Other Personal Reasons
Personal Illness
Transportation

N/A

Under company policy, was medical documentation required for any absence related to illness? If yes, submit a copy of company policy.

Yes No N/A

Did the claimant provide the documentation?

Yes No N/A.

You may provide a statement and evidence regarding this issue before a (re)determination is made on this matter. You must provide a response to the questions above and if you failed to previously report this information, explain why. This form must be received by the Agency within 10 calendar days of the mail date shown on page 1. Submit copies (not the originals) of any records which you believe support your position, such as pay stubs, layoff slip, federal income tax form, W-2, etc. If you require additional space, attach additional page(s). Please include the claimant's name and Social Security Number on all documents that you submit.

**Certification:** I certify that the information I have reported is true and correct to the best of my knowledge and belief. I understand that there are penalties of fines and/or imprisonment and/or community service for false statements as indicated on the front side of this form.

| | | |
|---|---|---|
| [signature] | 5/21/18 | 6164586265 |
| Signature | Date | Telephone Number |
| BELINDA PIERSON | OFFICE | |
| Print Name | Title | |

TED is an Equal Opportunity Employer/Program.

Auxiliary aids, services and other reasonable accommodations are available upon request to individuals with disabilities.

UIA 1713 C/E
(Rev. 07-16)

**Letter ID:** L0045696362

**Arabic**

أ. "هام ! يحتوي هذا المستند (المستندات) على معلومات هامة عن حقوقك الخاصة بتعويضات البطالة، ومسؤولياتك و/أو مخصصاتك، ولذلك فمن المهم جداً أن تفهم البيانات الواردة في هذا المستند.
على الفور: إذا كنت بحاجة إلى مساعدة اتصل بالرقم 1-866-500-0017 للحصول على مساعدة في ترجمة وفهم المعلومات الواردة في المستند (المستندات) التي تلقيتها."

**Bengali**

"গুরুত্বপূর্ণ! এই তথ্যপত্রে আপনার বেকার ভাতা অধিকার, দায়িত্ব এবং/অথবা সুবিধাগুলি সম্পর্কে গুরুত্বপূর্ণ সূচনা দেওয়া আছে। এটা গুরুত্বপূর্ণ যে, এই তথ্যপত্রে থাকা সূচনাগুলি আপনি ভালো করে বুঝে নেবেন।
অবিলম্বে: আপনি যে তথ্যপত্র(গুলি) পেয়েছেন এতে থাকা সূচনাগুলি বুঝা এবং অনুবাদের ক্ষেত্রে সাহায্য পেতে প্রয়োজনানুসারে 1-866-500-0017 নম্বরে ফোন করুন।"

**Spanish**

**¡IMPORTANTE! Este documento(s) contiene información importante sobre sus derechos, obligaciones y/o beneficios de compensación por desempleo. Es muy importante que usted entienda la información contenida en este documento.**

**INMEDIATAMENTE:** Si necesita asistencia para traducir y entender la información contenida en el documento(s) que recibió, llame al 1-866-500-0017.

**Mandarin**

*重要提示！*
这份文件包含有关失业补偿的权利、责任和/或利益的重要信息。您需要理解本文件中的信息，这一点至关重要。
*立即*：如果需要，请拨打1-866-500-0017，可获得帮助，以利您翻译和理解所收到的文件中的信息。

**Albanian**

1. *"**E RËNDËSISHME!** Ky dokument (dokumente) përmban informacion të rëndësishëm mbi të drejtat, përgjegjësitë dhe/ose përfitimet tuaja nga kompensimi i papunësisë. Është shumë e rëndësishme që ta kuptoni informacionin në këtë dokument.*
2. ***MENJËHERË:** Nëse është e nevojshme, telefononi në numrin 1-866-500-0017 për t'ju ndihmuar me përkthimin dhe kuptimin e informacionit të dokumentin (dokumenteve) që keni marrë."*

TED is an Equal Opportunity Employer/Program.

Auxiliary aids, services and other reasonable accommodations are available upon request to individuals with disabilities.



# EXHIBIT "2"

**AFFIDAVIT OF BELINDA PIERSON**

County of Kent )
)
State of Michigan )

Belinda Pierson, being duly sworn, states as follows:

1. I have personal knowledge of the facts stated in this Affidavit and, if called as a witness, I am competent to testify to them.

2. I am currently employed by Vitale's Italian Restaurant, located at 834 Leonard Street, Grand Rapids, MI 49503 (the "Restaurant") as its Office Manager.

3. The Restaurant hired Jovan Whiteside in the spring of 2013.

4. Mr. Whiteside was hired as general labor and guest services.

5. In February 2015, Mr. Whiteside was arrested by the Grand Rapids Police Department for allegedly driving on a suspended license. As a favor to Mr. Whiteside, the Restaurant agreed to pay his bail as an advance on Mr. Whiteside's future hourly wages.

6. Following his arrest, Mr. Whiteside continued to work at the Restaurant with his hourly wages applied against his advance until that amount was satisfied.

7. I was responsible for reviewing Mr. Whiteside's payroll before it was submitted to an outside service called Paychex and can attest that Mr. Whiteside was never asked to complete two timecards while employed by the Restaurant and was never paid in cash.

8. Mr. Whiteside only submitted one timecard for each pay period during which he was employed by the Restaurant. His pay records show that he was in fact paid overtime for hours worked in excess of forty per week, which are attached hereto as Affidavit Exhibit A.

9. His records also show a garnishment from the local authorities for court costs associated with his prior arrest and related court proceedings.

10. We took the garnishment out of his paycheck as required by law.

11. Mr. Whiteside ceased working at the Restaurant in approximately August 2015.

FURTHER AFFIANT SAYETH NOT.

Dated: October 3, 2018

Belinda Pierson

Subscribed and sworn before me on
October 3, 2018

Tom Flickinger, Notary Public
Kent County, Michigan
Acting in Kent County, Michigan
My Commission Expires: 7/3/2022

# AFFIDAVIT EXHIBIT A

**PAYROLL JOURNAL WITH YTD**
**VITALES ITALIAN RESTAURANT INC - G794**
**COMPANY TOTALS**

**CHECK DATES 01/02/2015 TO 12/31/2015**
**PERIOD BEGIN 12/15/2014 PERIOD END 12/27/2015**

**07/23/2018**
**PAGE 1**

| EMPLOYEE NAME / ID SSN STATE FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **WHITESIDE, JOVAN** | 1 REGULAR | 90000 | 7530 | 67770 | 135530 | 1252180 | C1 CHECKING 1 | | 741788 | FEDERAL | 2815 | 51187 | 42258 |
| 39 XXX-XX-7307 MI MI MI | 2 OVERTIME | | | | 4030 | 57316 | LO LOANS | 15000 | 101700 | OASDI | 4282 | 81190 | 1128007037 |
| 6 S2/S2 300 | | | | | | | | | | MEDICARE | 983 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 1573 | 281918 | 1/03/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 947 | 18190 | |
| EMPLOYEE TOTAL | | | 7530 | 67770 | 139560 | 1309496 | | 15000 | 843488 | | 10520 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | 90000 | 4780 | 43020 | 135530 | 1252180 | C1 CHECKING 1 | | 741788 | FEDERAL | 340 | 51187 | 23397 |
| 39 XXX-XX-7307 MI MI MI | 2 OVERTIME | | | | 4030 | 57316 | LO LOANS | 15000 | 101700 | OASDI | 2667 | 81190 | 1128007042 |
| 6 S2/S2 300 | | | | | | | | | | MEDICARE | 624 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 521 | 281918 | 1/15/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 576 | 18190 | |
| EMPLOYEE TOTAL | | | 4780 | 43020 | 139560 | 1309496 | | 15000 | 843488 | | 4728 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | 90000 | 5490 | 49410 | 135539 | 1252180 | C1 CHECKING 1 | | 741788 | FEDERAL | 979 | 51187 | 33188 |
| 39 XXX-XX-7307 MI MI MI | 2 OVERTIME | | | | 4030 | 57316 | LO LOANS | 10000 | 101700 | OASDI | 3063 | 81190 | 1128007047 |
| 6 S2/S2 300 | | | | | | | | | | MEDICARE | 716 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 792 | 281918 | 1/29/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 672 | 18190 | |
| EMPLOYEE TOTAL | | | 5490 | 49410 | 139560 | 1309496 | | 10000 | 843488 | | 6222 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | 90000 | 5650 | 50850 | 135530 | 1252180 | C1 CHECKING 1 | | 741788 | FEDERAL | 1123 | 51187 | 33398 |
| 39 XXX-XX-7307 MI MI MI | 2 OVERTIME | | | | 4030 | 57316 | LO LOANS | 11000 | 101700 | OASDI | 3153 | 81190 | 1128007051 |
| 6 S2/S2 300 | | | | | | | | | | MEDICARE | 737 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 853 | 281918 | 2/12/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 694 | 18190 | |
| EMPLOYEE TOTAL | | | 5650 | 50850 | 139560 | 1309496 | | 11000 | 843488 | | 6560 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | 90000 | 5340 | 48060 | 135530 | 1252180 | C1 CHECKING 1 | | 741788 | FEDERAL | 844 | 51187 | 42152 |
| 39 XXX-XX-7307 MI MI MI | 2 OVERTIME | | | | 4030 | 57316 | LO LOANS | | 101700 | OASDI | 2980 | 81190 | 1128007057 |
| 6 S2/S2 300 | | | | | | | | | | MEDICARE | 697 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 735 | 281918 | 2/26/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 652 | 18190 | |
| EMPLOYEE TOTAL | | | 5340 | 48060 | 139560 | 1309496 | | | 843488 | | 5908 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | 90000 | 4250 | 38250 | 135530 | 1252180 | C1 CHECKING 1 | | 741788 | FEDERAL | | 51187 | 34500 |
| 39 XXX-XX-7307 MI MI MI | 2 OVERTIME | | | | 4030 | 57316 | LO LOANS | | 101700 | OASDI | 2372 | 81190 | 1128007062 |
| 6 S2/S2 300 | | | | | | | | | | MEDICARE | 555 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 318 | 281918 | 3/12/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 505 | 18190 | |
| EMPLOYEE TOTAL | | | 4250 | 38250 | 139560 | 1309496 | | | 843488 | | 3758 | 197667 | |

**PAYROLL JOURNAL WITH YTD**
**VITALES ITALIAN RESTAURANT INC - G794**
**COMPANY TOTALS**

**CHECK DATES 01/02/2015 TO 12/31/2015**
**PERIOD BEGIN 12/15/2014 PERIOD END 12/27/2015**

**07/23/2018**
**PAGE 2**

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **WHITESIDE, JOVAN** | 1 REGULAR | 90000 | 3440 | 38960 | 135530 | 1252180 | C1 CHECKING 1 | | 741788 | FEDERAL | | 51187 | 28188 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | | | | 4030 | 57316 | LO LOANS | | 181700 | OASDI | 1920 | 81190 | 1128007067 |
| 6 52/52 300 | | | | | | | | | | MEDICARE | 449 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 008 | 281918 | 03/26/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 395 | 18190 | |
| EMPLOYEE TOTAL | | | 3440 | 38960 | 139560 | 1309496 | | | 843488 | | 2772 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | 90000 | 4880 | 43920 | 135530 | 1252180 | C1 CHECKING 1 | | 741788 | FEDERAL | 430 | 51187 | 31481 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | | | | 4030 | 57316 | LO LOANS | 7500 | 181700 | OASDI | 2723 | 81190 | 1128007072 |
| 6 52/52 300 | | | | | | | | | | MEDICARE | 637 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 559 | 281918 | 04/09/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 590 | 18190 | |
| EMPLOYEE TOTAL | | | 4880 | 43920 | 139560 | 1309496 | | 7500 | 843488 | | 4939 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | 90000 | 6720 | 60480 | 135530 | 1252180 | C1 CHECKING 1 | 41666 | 741788 | FEDERAL | 2086 | 51187 | 000 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | | | | 4030 | 57316 | LO LOANS | 10000 | 181700 | OASDI | 3758 | 81190 | DIRDEP |
| 6 52/52 300 | | | | | | | | | | MEDICARE | 877 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 1263 | 281918 | 04/23/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 838 | 18190 | |
| EMPLOYEE TOTAL | | | 6720 | 60480 | 139560 | 1309496 | | 51666 | 843488 | | 8814 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | 90000 | 7090 | 71010 | 135530 | 1252180 | C1 CHECKING 1 | 58147 | 741788 | FEDERAL | 3193 | 51187 | 000 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | 135000 | 840 | 540 | 4030 | 57316 | LO LOANS | 2000 | 181700 | OASDI | 4436 | 81190 | DIRDEP |
| 6 52/52 300 | | | | | | | | | | MEDICARE | 1037 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 1733 | 281918 | 05/07/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 1084 | 18190 | |
| EMPLOYEE TOTAL | | | 7930 | 71550 | 139560 | 1309496 | | 60147 | 843488 | | 11483 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | 90000 | 6740 | 60660 | 135530 | 1252180 | C1 CHECKING 1 | 50604 | 741788 | FEDERAL | 2104 | 51187 | 000 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | | | | 4030 | 57316 | LO LOANS | 1200 | 181700 | OASDI | 3761 | 81190 | DIRDEP |
| 6 52/52 300 | | | | | | | | | | MEDICARE | 880 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 1270 | 281918 | 05/21/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 841 | 18190 | |
| EMPLOYEE TOTAL | | | 6740 | 60660 | 139560 | 1309496 | | 51804 | 843488 | | 8856 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | 90000 | 8000 | 72000 | 135530 | 1252180 | C1 CHECKING 1 | 51628 | 741788 | FEDERAL | 3387 | 51187 | 000 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | 135000 | 110 | 1485 | 4030 | 57316 | LO LOANS | | 181700 | OASDI | 4556 | 81190 | DIRDEP |
| 6 52/52 300 | | | | | | | | | | MEDICARE | 1066 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 1815 | 281918 | 06/04/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 1033 | 18190 | |
| EMPLOYEE TOTAL | | | 8110 | 73485 | 139560 | 1309496 | | 51628 | 843488 | | 11857 | 197667 | |

**PAYROLL JOURNAL WITH YTD**
**VITALES ITALIAN RESTAURANT INC - G794**
**COMPANY TOTALS**

**CHECK DATES 01/02/2015 TO 12/31/2015**
**PERIOD BEGIN 12/15/2014 PERIOD END 12/27/2015**

**07/23/2018**
**PAGE 3**

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **WHITESIDE, JOVAN** | 1 REGULAR | | 8000 | 76000 | 135530 | 1252180 | C1 CHECKING 1 | 71774 | 741788 | FEDERAL | 5415 | 51187 | 000 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | 142500 | 810 | 11543 | 4030 | 57316 | LO LOANS | | 101700 | OASDI | 5428 | 81190 | DIRDEP |
| 6 52/52 300 | | | | | | | | | | MEDICARE | 1269 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 2413 | 28191 | 06/18/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 1244 | 18190 | |
| EMPLOYEE TOTAL | | | 8810 | 87543 | 139560 | 1309496 | | 71774 | 843488 | | 15769 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | | 6140 | 58330 | 135530 | 1252180 | C1 CHECKING 1 | 50020 | 741788 | FEDERAL | 1871 | 51187 | 000 |
| 539 XXX-XX-7387 MI MI MI | 2 OVERTIME | | | | 4030 | 57316 | LO LOANS | | 101700 | OASDI | 3616 | 81190 | DIRDEP |
| 6 52/52 300 | | | | | | | | | | MEDICARE | 846 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 1171 | 28191 | 07/02/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 806 | 18190 | |
| EMPLOYEE TOTAL | | | 6140 | 58330 | 139560 | 1309496 | | 50020 | 843488 | | 8310 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | | 8000 | 76000 | 135530 | 1252180 | C1 CHECKING 1 | 87385 | 741788 | FEDERAL | 8685 | 51187 | 000 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | 142500 | 2340 | 33345 | 4030 | 57316 | LO LOANS | | 101700 | OASDI | 6779 | 81190 | DIRDEP |
| 6 52/52 300 | | | | | | | | | | MEDICARE | 1586 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 3339 | 28191 | 07/16/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 1571 | 18190 | |
| EMPLOYEE TOTAL | | | 10340 | 109345 | 139560 | 1309496 | | 87385 | 843488 | | 21960 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | | 7180 | 68210 | 135530 | 1252180 | C1 CHECKING 1 | 63136 | 741788 | FEDERAL | 3605 | 51187 | 000 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | 142500 | 510 | 7268 | 4030 | 57316 | LO LOANS | | 101700 | OASDI | 4680 | 81190 | DIRDEP |
| 6 52/52 300 | | | | | | | | | | MEDICARE | 1094 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 1900 | 28191 | 07/30/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 1063 | 18190 | |
| EMPLOYEE TOTAL | | | 7690 | 75478 | 139560 | 1309496 | | 63136 | 843488 | | 12342 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | | 6630 | 62985 | 135530 | 1252180 | C1 CHECKING 1 | 43585 | 741788 | FEDERAL | 2337 | 51187 | 000 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | | | | 4030 | 57316 | LO LOANS | 10000 | 101700 | OASDI | 3905 | 81190 | DIRDEP |
| 6 52/52 300 | | | | | | | | | | MEDICARE | 913 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 1369 | 28191 | 08/13/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 876 | 18190 | |
| EMPLOYEE TOTAL | | | 6630 | 62985 | 139560 | 1309496 | | 53585 | 843488 | | 9400 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | | 7050 | 66975 | 135530 | 1252180 | C1 CHECKING 1 | 59843 | 741788 | FEDERAL | 3849 | 51187 | 000 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | 142500 | 220 | 3135 | 4030 | 57316 | LO LOANS | | 101700 | OASDI | 4347 | 81190 | DIRDEP |
| 6 52/52 300 | | | | | | | | | | MEDICARE | 1017 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 1672 | 28191 | 08/27/2015 |
| Last Check Date 10/08/2015 | | | | | | | | | | LOCAL | 982 | 18190 | |
| EMPLOYEE TOTAL | | | 7270 | 70110 | 139560 | 1309496 | | 59843 | 843488 | | 11867 | 197667 | |

**PAYROLL JOURNAL WITH YTD**
**VITALES ITALIAN RESTAURANT INC - G794**
**COMPANY TOTALS**

**CHECK DATES 01/02/2015 TO 12/31/2015**
**PERIOD BEGIN 12/15/2014 PERIOD END 12/27/2015**

**07/23/2018**
**PAGE 4**

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **WHITESIDE, JOVAN** | 1 REGULAR | | 7230 | 68685 | 135530 | 1252180 | C1 CHECKING 1 | 47952 | 741788 | FEDERAL | 2987 | 51187 | 000 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | | | | 4030 | 57316 | LO LOANS | 10000 | 101700 | OASDI | 4256 | 81190 | DIRDEP |
| 6 S2/S2 300 | | | | | | | | | | MEDICARE | 996 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 1611 | 28191 | 09/10/2015 |
| ast Check Date 10/08/2015 | | | | | | | | | | LOCAL | 961 | 18190 | |
| EMPLOYEE TOTAL | | | 7230 | 68685 | 139560 | 1309496 | | 57952 | 843488 | | 10733 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | | 7280 | 69160 | 135530 | 1252180 | C1 CHECKING 1 | 53315 | 741788 | FEDERAL | 2954 | 51187 | 000 |
| 539 XXX-XX-7387 MI MI MI | 2 OVERTIME | | | | 4030 | 57316 | LO LOANS | 5000 | 101700 | OASDI | 4288 | 81190 | DIRDEP |
| 26 S2/S2 300 | | | | | | | | | | MEDICARE | 1003 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 1632 | 28191 | 09/24/2015 |
| ast Check Date 10/08/2015 | | | | | | | | | | LOCAL | 958 | 18190 | |
| EMPLOYEE TOTAL | | | 7280 | 69160 | 139560 | 1309496 | | 58315 | 843488 | | 10845 | 197667 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | | 7310 | 69445 | 135530 | 1252180 | C1 CHECKING 1 | 53533 | 741788 | FEDERAL | 2983 | 51187 | 000 |
| 539 XXX-XX-7387 MI MI MI | 2 OVERTIME | | | | 4030 | 57316 | LO LOANS | 5000 | 101700 | OASDI | 4306 | 81190 | DIRDEP |
| 26 S2/S2 300 | | | | | | | | | | MEDICARE | 1007 | 18989 | |
| 9.5000 Hourly TRM-10/08/2015 | | | | | | | | | | STATE | 1644 | 28191 | 10/08/2015 |
| ast Check Date 10/08/2015 | | | | | | | | | | LOCAL | 972 | 18190 | |
| EMPLOYEE TOTAL | | | 7310 | 69445 | 139560 | 1309496 | | 58533 | 843488 | | 10912 | 197667 | |
| **TAKEOUT** | 1 REGULAR | | 135530 | 1252180 | 135530 | 1252180 | C1 CHECKING 1 | 741788 | 741788 | FEDERAL | 51187 | 51187 | 268341 |
| **DEPARTMENT TOTALS** | 2 OVERTIME | | 4030 | 57316 | 4030 | 57316 | LO LOANS | 101700 | 101700 | OASDI | 81190 | 81190 | |
| 1 EMPLOYEES 21 CHECKS | | | | | | | | | | MEDICARE | 18989 | 18989 | |
| | | | | | | | | | | STATE | 28191 | 28191 | |
| | | | | | | | | | | LOCAL | 18190 | 18190 | |
| | | | | | | | | | | | 197667 | 197667 | |
| | | | | | | | | | | ER OASDI | 4348747 | 81189 | |
| | | | | | | | | | | ER MEDCR | 1017046 | 18988 | |
| | | | | | | | | | | ER FUI | 189264 | 4200 | |
| | | | | | | | | | | ER SUI | 1126100 | 27550 | |
| | | | | | | | | | | ER OTHER1 | 450464 | 11020 | |
| | | | | | | | | | | | 7131621 | 142947 | |
| DEPARTMENT TOTAL | | | 139560 | 1309496 | 139560 | 1309496 | | 843488 | 843488 | | 7329288 | 340614 | |

**PAYROLL JOURNAL WITH YTD**
**VITALES ITALIAN RESTAURANT INC - G794**
**COMPANY TOTALS**

**CHECK DATES 01/02/2015 TO 12/31/2015**
**PERIOD BEGIN 12/15/2014 PERIOD END 12/27/2015**

**07/23/2018**
**PAGE 5**

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **ITALES ITALIAN RESTA** | 1 REGULAR | | 135530 | 1252188 | 135530 | 1252188 | C1 CHECKING 1 | 741788 | 741788 | FEDERAL | 51107 | 51107 | 268341 |
| **OMPANY TOTALS** | 2 OVERTIME | | 4030 | 57316 | 4030 | 57316 | LO LOANS | 101700 | 101700 | OASDI | 81198 | 81198 | |
| 1 EMPLOYEES 21 CHECKS | | | | | | | | | | MEDICARE | 18989 | 18989 | |
| | | | | | | | | | | STATE | 28191 | 28191 | |
| | | | | | | | | | | LOCAL | 18198 | 18198 | |
| | | | | | | | | | | | 197667 | 197667 | |
| | | | | | | | | | | ER OASDI | 4348747 | 81189 | |
| | | | | | | | | | | ER MEDCR | 1017846 | 18988 | |
| | | | | | | | | | | ER FUI | 189264 | 4200 | |
| | | | | | | | | | | ER SUI | 1126100 | 27558 | |
| | | | | | | | | | | ER OTHER1 | 450464 | 11828 | |
| | | | | | | | | | | | 7131621 | 142947 | |
| COMPANY TOTAL | | | 139560 | 1309496 | 139560 | 1309496 | | 843488 | 843488 | | 7329288 | 340614 | |

**PAYROLL JOURNAL WITH YTD**
**VITALES ITALIAN RESTAURANT INC - G794**
**COMPANY TOTALS**

**CHECK DATES 01/02/2014 TO 12/18/2014**
**PERIOD BEGIN 12/16/2013 PERIOD END 12/14/2014**

**07/23/2018**
**PAGE 1**

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **WHITESIDE, JOVAN** | 1 REGULAR | 80000 | 2990 | 23920 | 102690 | 898910 | LO LOANS | | 12100 | FEDERAL | | 37343 | 21800 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | | | | 2600 | 34545 | | | | OASDI | 1483 | 57875 | 1128006843 |
| 52/52 300 | | | | | | | | | | MEDICARE | 347 | 13536 | |
| 9.0000 Hourly | | | | | | | | | | STATE | | 20348 | 06/05/2014 |
| Last Check Date 12/18/2014 | | | | | | | | | | LOCAL | 298 | 12962 | |
| EMPLOYEE TOTAL | | | 2990 | 23920 | 185290 | 933455 | | | 12100 | | 2128 | 142064 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | 80000 | 7480 | 59840 | 102690 | 898910 | LO LOANS | | 12100 | FEDERAL | 2088 | 37343 | 51118 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | | | | 2600 | 34545 | | | | OASDI | 3718 | 57875 | 1128006857 |
| 52/52 300 | | | | | | | | | | MEDICARE | 868 | 13536 | |
| 9.0000 Hourly | | | | | | | | | | STATE | 1236 | 20348 | 06/19/2014 |
| Last Check Date 12/18/2014 | | | | | | | | | | LOCAL | 828 | 12962 | |
| EMPLOYEE TOTAL | | | 7480 | 59840 | 185290 | 933455 | | | 12100 | | 8722 | 142064 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | 80000 | 6880 | 55040 | 102690 | 898910 | LO LOANS | | 12100 | FEDERAL | 1600 | 37343 | 47442 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | | | | 2600 | 34545 | | | | OASDI | 3412 | 57875 | 1128006872 |
| 52/52 300 | | | | | | | | | | MEDICARE | 798 | 13536 | |
| 9.0000 Hourly | | | | | | | | | | STATE | 1832 | 20348 | 07/03/2014 |
| Last Check Date 12/18/2014 | | | | | | | | | | LOCAL | 756 | 12962 | |
| EMPLOYEE TOTAL | | | 6880 | 55040 | 185290 | 933455 | | | 12100 | | 7598 | 142064 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | | 8000 | 72000 | 102690 | 898910 | LO LOANS | | 12100 | FEDERAL | 4434 | 37343 | 66427 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | 135000 | 610 | 8235 | 2600 | 34545 | | | | OASDI | 4975 | 57875 | 1128006883 |
| 52/52 300 | | | | | | | | | | MEDICARE | 1163 | 13536 | |
| 9.0000 Hourly | | | | | | | | | | STATE | 2102 | 20348 | 07/17/2014 |
| Last Check Date 12/18/2014 | | | | | | | | | | LOCAL | 1134 | 12962 | |
| EMPLOYEE TOTAL | | | 8610 | 80235 | 185290 | 933455 | | | 12100 | | 13808 | 142064 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | 80000 | 7950 | 63600 | 102690 | 898910 | LO LOANS | | 12100 | FEDERAL | 2900 | 37343 | 57400 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | [illegible] | 370 | 4440 | 2600 | 34545 | | | | OASDI | 4218 | 57875 | 1128006903 |
| 52/52 300 | | | | | | | | | | MEDICARE | 987 | 13536 | |
| 9.0000 Hourly | | | | | | | | | | STATE | 1584 | 20348 | 07/31/2014 |
| Last Check Date 12/18/2014 | | | | | | | | | | LOCAL | 951 | 12962 | |
| EMPLOYEE TOTAL | | | 8320 | 68040 | 185290 | 933455 | | | 12100 | | 10640 | 142064 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | | 8000 | 72000 | 102690 | 898910 | LO LOANS | 2100 | 12100 | FEDERAL | 4596 | 37343 | 55100 |
| 39 XXX-XX-7387 MI MI MI | 2 OVERTIME | 135000 | 690 | 9315 | 2600 | 34545 | | | | OASDI | 5042 | 57875 | 1128006921 |
| 52/52 300 | | | | | | | | | | MEDICARE | 1179 | 13536 | |
| 9.0000 Hourly | | | | | | | | | | STATE | 2348 | 20348 | 08/14/2014 |
| Last Check Date 12/18/2014 | | | | | | | | | | LOCAL | 1150 | 12962 | |
| EMPLOYEE TOTAL | | | 8690 | 81315 | 185290 | 933455 | | 2100 | 12100 | | 14315 | 142064 | |

**PAYROLL JOURNAL WITH YTD**
**VITALES ITALIAN RESTAURANT INC - G794**
**COMPANY TOTALS**

**CHECK DATES 01/02/2014 TO 12/18/2014**
**PERIOD BEGIN 12/16/2013 PERIOD END 12/14/2014**

**07/23/2018**
**PAGE 2**

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **WHITESIDE, JOVAN** | 1 REGULAR | | 6200 | 55800 | 102690 | 898910 | LO LOANS | | 12100 | FEDERAL | 1676 | 37343 | 48823 |
| 539 XXX-XX-7387 MI MI MI | 2 OVERTIME | | | | 2600 | 34545 | | | | OASDI | 3460 | 57875 | 1128006938 |
| 6 S2/S2 300 | | | | | | | | | | MEDICARE | 809 | 13536 | |
| 9.0000 Hourly | | | | | | | | | | STATE | 1664 | 20348 | 08/28/2014 |
| Last Check Date 12/18/2014 | | | | | | | | | | LOCAL | 768 | 12962 | |
| EMPLOYEE TOTAL | | | 6200 | 55800 | 105290 | 933455 | | | 12100 | | 7777 | 142064 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | | 6250 | 56250 | 102690 | 898910 | LO LOANS | 5000 | 12100 | FEDERAL | 1721 | 37343 | 43367 |
| 539 XXX-XX-7387 MI MI MI | 2 OVERTIME | | | | 2600 | 34545 | | | | OASDI | 3488 | 57875 | 1128006956 |
| 6 S2/S2 300 | | | | | | | | | | MEDICARE | 816 | 13536 | |
| 9.0000 Hourly | | | | | | | | | | STATE | 1883 | 20348 | 09/11/2014 |
| Last Check Date 12/18/2014 | | | | | | | | | | LOCAL | 775 | 12962 | |
| EMPLOYEE TOTAL | | | 6250 | 56250 | 105290 | 933455 | | 5000 | 12100 | | 7883 | 142064 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | | 7820 | 78380 | 102690 | 898910 | LO LOANS | 5000 | 12100 | FEDERAL | 3431 | 37343 | 56466 |
| 539 XXX-XX-7387 MI MI MI | 2 OVERTIME | 135000 | 220 | 1970 | 2600 | 34545 | | | | OASDI | 4548 | 57875 | 1128006972 |
| 6 S2/S2 300 | | | | | | | | | | MEDICARE | 1064 | 13536 | |
| 9.0000 Hourly | | | | | | | | | | STATE | 1810 | 20348 | 09/25/2014 |
| Last Check Date 12/18/2014 | | | | | | | | | | LOCAL | 1031 | 12962 | |
| EMPLOYEE TOTAL | | | 8040 | 73350 | 105290 | 933455 | | 5000 | 12100 | | 11884 | 142064 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | | 7490 | 67410 | 102690 | 898910 | LO LOANS | | 12100 | FEDERAL | 2878 | 37343 | 57727 |
| 539 XXX-XX-7387 MI MI MI | 2 OVERTIME | 135000 | 030 | 405 | 2600 | 34545 | | | | OASDI | 4205 | 57875 | 1128006989 |
| 6 S2/S2 300 | | | | | | | | | | MEDICARE | 983 | 13536 | |
| 9.0000 Hourly | | | | | | | | | | STATE | 1574 | 20348 | 10/09/2014 |
| Last Check Date 12/18/2014 | | | | | | | | | | LOCAL | 948 | 12962 | |
| EMPLOYEE TOTAL | | | 7520 | 67815 | 105290 | 933455 | | | 12100 | | 10588 | 142064 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | | 6780 | 61020 | 102690 | 898910 | LO LOANS | | 12100 | FEDERAL | 2198 | 37343 | 52822 |
| 539 XXX-XX-7387 MI MI MI | 2 OVERTIME | | | | 2600 | 34545 | | | | OASDI | 3783 | 57875 | 1128007005 |
| 6 S2/S2 300 | | | | | | | | | | MEDICARE | 885 | 13536 | |
| 9.0000 Hourly | | | | | | | | | | STATE | 1286 | 20348 | 10/23/2014 |
| Last Check Date 12/18/2014 | | | | | | | | | | LOCAL | 846 | 12962 | |
| EMPLOYEE TOTAL | | | 6780 | 61020 | 105290 | 933455 | | | 12100 | | 8998 | 142064 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | | 8000 | 72000 | 102690 | 898910 | LO LOANS | | 12100 | FEDERAL | 4576 | 37343 | 67184 |
| 539 XXX-XX-7387 MI MI MI | 2 OVERTIME | 135000 | 680 | 9180 | 2600 | 34545 | | | | OASDI | 5033 | 57875 | 1128007013 |
| 6 S2/S2 300 | | | | | | | | | | MEDICARE | 1177 | 13536 | |
| 9.0000 Hourly | | | | | | | | | | STATE | 2142 | 20348 | 11/06/2014 |
| Last Check Date 12/18/2014 | | | | | | | | | | LOCAL | 1148 | 12962 | |
| EMPLOYEE TOTAL | | | 8680 | 81180 | 105290 | 933455 | | | 12100 | | 14076 | 142064 | |

**PAYROLL JOURNAL WITH YTD**
**VITALES ITALIAN RESTAURANT INC - G794**
**COMPANY TOTALS**

**CHECK DATES 01/02/2014 TO 12/18/2014**
**PERIOD BEGIN 12/16/2013 PERIOD END 12/14/2014**

**07/23/2018**
**PAGE 3**

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **WHITESIDE, JOVAN** | 1 REGULAR | | 6530 | 58770 | 102690 | 898910 | LO LOANS | | 12100 | FEDERAL | 1973 | 37343 | 50290 |
| 39 XXX-XX-7307 MI MI M1 | 2 OVERTIME | | | | 2600 | 34545 | | | | OASDI | 3644 | 57875 | 1128007022 |
| 6 52/52 300 | | | | | | | | | | MEDICARE | 852 | 13536 | |
| 9.0000 Hourly | | | | | | | | | | STATE | 1190 | 20348 | 11/20/2014 |
| ast Check Date 12/18/2014 | | | | | | | | | | LOCAL | 812 | 12962 | |
| EMPLOYEE TOTAL | | | 6530 | 58770 | 105290 | 933455 | | | 12100 | | 8471 | 142064 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | | 5090 | 45810 | 102690 | 898910 | LO LOANS | | 12100 | FEDERAL | 677 | 37343 | 40372 |
| 39 XXX-XX-7307 MI MI M1 | 2 OVERTIME | | | | 2600 | 34545 | | | | OASDI | 2840 | 57875 | 1128007027 |
| 26 52/52 300 | | | | | | | | | | MEDICARE | 664 | 13536 | |
| 9.0000 Hourly | | | | | | | | | | STATE | 639 | 20348 | 12/04/2014 |
| Last Check Date 12/18/2014 | | | | | | | | | | LOCAL | 618 | 12962 | |
| EMPLOYEE TOTAL | | | 5090 | 45810 | 105290 | 933455 | | | 12100 | | 5438 | 142064 | |
| **WHITESIDE, JOVAN** | 1 REGULAR | | 7230 | 65070 | 102690 | 898910 | LO LOANS | | 12100 | FEDERAL | 2683 | 37343 | 55124 |
| 39 XXX-XX-7307 MI MI MI | 2 OVERTIME | | | | 2600 | 34545 | | | | OASDI | 4034 | 57875 | 1128007032 |
| 26 52/52 300 | | | | | | | | | | MEDICARE | 944 | 13536 | |
| 9.0000 Hourly | | | | | | | | | | STATE | 1458 | 20348 | 12/18/2014 |
| Last Check Date 12/18/2014 | | | | | | | | | | LOCAL | 907 | 12962 | |
| EMPLOYEE TOTAL | | | 7230 | 65070 | 105290 | 933455 | | | 12100 | | 9946 | 142064 | |
| **TAKEOUT** | 1 REGULAR | | 102690 | 898910 | 102690 | 898910 | LO LOANS | 12100 | 12100 | FEDERAL | 37343 | 37343 | 779291 |
| **DEPARTMENT TOTALS** | 2 OVERTIME | | 2600 | 34545 | 2600 | 34545 | | | | OASDI | 57875 | 57875 | |
| 1 EMPLOYEES 15 CHECKS | | | | | | | | | | MEDICARE | 13536 | 13536 | |
| | | | | | | | | | | STATE | 20348 | 20348 | |
| | | | | | | | | | | LOCAL | 12962 | 12962 | |
| | | | | | | | | | | | 142064 | 142064 | |
| | | | | | | | | | | ER OASDI | 4121797 | 57874 | |
| | | | | | | | | | | ER MEDCR | 963966 | 13535 | |
| | | | | | | | | | | ER FUI | 190057 | 4200 | |
| | | | | | | | | | | ER SUI | 2454785 | 58808 | |
| | | | | | | | | | | ER OTHER1 | 639812 | 15309 | |
| | | | | | | | | | | | 8369617 | 149776 | |
| DEPARTMENT TOTAL | | | 105290 | 933455 | 105290 | 933455 | | 12100 | 12100 | | 8511681 | 291790 | |

**PAYROLL JOURNAL WITH YTD**
**VITALES ITALIAN RESTAURANT INC - G794**
**COMPANY TOTALS**

**CHECK DATES 01/02/2014 TO 12/18/2014**
**PERIOD BEGIN 12/16/2013 PERIOD END 12/14/2014**

**07/23/2018**
**PAGE 4**

| EMPLOYEE NAME<br>ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **ITALES ITALIAN RESTA** | 1 REGULAR | | 102690 | 898918 | 182690 | 898918 | LO LOANS | 12100 | 12100 | FEDERAL | 37343 | 37343 | 779291 |
| **OMPANY TOTALS** | 2 OVERTIME | | 2600 | 34545 | 2600 | 34545 | | | | OASDI | 57875 | 57875 | |
| 1 EMPLOYEES 15 CHECKS | | | | | | | | | | MEDICARE | 13536 | 13536 | |
| | | | | | | | | | | STATE | 28348 | 28348 | |
| | | | | | | | | | | LOCAL | 12962 | 12962 | |
| | | | | | | | | | | | 142864 | 142964 | |
| | | | | | | | | | | ER OASDI | 4121797 | 57874 | |
| | | | | | | | | | | ER MEDCR | 963966 | 13535 | |
| | | | | | | | | | | ER FUI | 198857 | 4200 | |
| | | | | | | | | | | ER SUI | 2454785 | 58888 | |
| | | | | | | | | | | ER OTHER1 | 639812 | 15309 | |
| | | | | | | | | | | | 8369617 | 149726 | |
| COMPANY TOTAL | | | 105298 | 933455 | 105290 | 933455 | | 12100 | 12100 | | 8511681 | 291790 | |