UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMILIO TORRES,

        Plaintiff,

                                      Case No. 1:18-cv-547

v.                                      Hon. Ray Kent

VITALE'S ITALIAN RESTAURANT, INC.,
SALVATORE VITALE, and
BELINDA PIERSON,

        Defendants.

                                  /

**ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**

Plaintiff, Emilio Torres, has filed a "First Amended Collective Action Complaint" against defendants for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. First Amend. Compl. (ECF. No. 8). This is one of three lawsuits filed by plaintiff related to his employment at defendants' restaurant. *See Emilio Torres v. Salvatore Vitale, et al.,* 1:18-cv-766 (alleging that defendants engaged in a criminal enterprise for racketeering) and *Emilio Torres v. Vitale's Italian Restaurant, Inc., et al.*, 1:18-cv-1088 (alleging retaliation under the FLSA). This Court denied plaintiff's first motion for conditional certification of a collective action brought pursuant to 29 U.S.C. §216(b) without prejudice. *See* Order (ECF No. 30). This matter is now before the Court on plaintiff's second motion for conditional certification pursuant to 29 U.S.C. § 216(b) (ECF No. 42).

1

### I.      The Amended complaint

### A.      Plaintiff's allegations

Plaintiff set forth the following allegations in his amended complaint. Amend. Compl. (ECF No. 8).  Plaintiff identified defendants as: Vitale's Italian Restaurant, Inc. (located on Leonard Street in Grand Rapids, Michigan); Salvatore Vitale (owner of the restaurant and responsible for its day-to-day operation); and, Belinda Pierson (general manager of the restaurant and responsible for payroll and time cards).  *Id*. at PageID.74-75.  Plaintiff is a former employee who worked at the restaurant during three different times: in 2010; from May 2012 through June 2014; and, from March 2017 until he was fired on May 7, 2018.  *Id*. at PageID.74, 76-77.

Plaintiff was employed "to perform general labor" and worked about 75 hours per week.  *Id*. at PageID.77.  As part of his job, plaintiff "would prepare food, plate food, run the dishwasher, prep cook, janitorial work, cleaned floors and walls, and performed maintenance of kitchen equipment among other duties."  *Id*. Plaintiff and other "similarly situated" employees were not paid an "overtime premium" (time and a half for hours worked in excess of 40 hours per week).  *Id*. at PageID.77-79.  In addition, they were required to use a second time card to record any hours worked in excess of 40 hours.  *Id*.  Defendant Pierson would issue the employees payroll checks for their regular hours worked as reflected on the first time card, and pay them in cash for hours worked in excess of 40 hours per week as reflected on the second time card.  *Id*.  at PageID.79-80.  Pierson also instructed employees to bring their second time card to her home on Sundays "to avoid any possible detection should a state or federal agency come to do an audit of the business."  *Id*. at PageID.80.  According to plaintiff, defendants used the two time card system "for the sole purpose of circumventing Defendants' obligations under the FLSA and the Internal Revenue Code."  *Id*. at PageID.79.

### B.      Plaintiff's claim

Plaintiff's First Amended Complaint consists of one count:

> Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.  Failure to [sic] statutory overtime wage[.]

PageID.82 (emphasis omitted).   The gist of plaintiff's claim is that defendants violated the FLSA by adopting a "company wide policy and practice not to compensate Plaintiff and those in similar situated [sic] time and one half for all hours worked over forty (40) in a single workweek." *Id.* at PageID.79.  Plaintiff seeks relief including: certification of this case as a collective action under 29 U.S.C. § 216(b); designation of plaintiff as the representative class member; designation of plaintiff's counsel as class counsel; declaring that defendants willfully violated the FLSA; equitable tolling of the statute of limitations beyond the time set forth in the statute; and awarding the class members unpaid wages, liquidated damages, costs,  and reasonable attorneys' fees. *Id*. at PageID.83-84.

### C.      Plaintiff's motion for conditional certification

Plaintiff has provided two similar definitions of the proposed class for conditional certification.   Plaintiff's amended complaint defined "the class of similarly situated Class Members" as:

> Current and former employees of Vitale's Italian Restaurant, Inc. and Salvatore Vitale who were not paid time-and-a-half for hours worked in excess of 40 hours during a workweek.

Amended Compl. at PageID.82 (italics omitted).

In the most recent motion, plaintiff seeks conditional certification of a more limited class:

> Current and former employees of Vitale's Italian Restaurant, Inc. d/b/a Vitale's Grand Rapids who were not compensated at a rate of time and one half

their regular rate for any hours worked in excess of 40 hours in a workweek at any time from May 15, 2015, to the present.

Plaintiff's Brief (ECF No. 43, PageID.455).

### III.    Discussion

### A.    Legal Standard

This Court previously adopted the standard of review for conditional certification

of a collective action under the FLSA set forth in *Jesiek v. Fire Pros, Inc.*, 275 F.R.D. 242 (W.D.

Mich. 2011), which provides in pertinent part:

> The FLSA requires covered employers to pay their nonexempt employees at a rate of time-and-a-half for all hours worked each week over forty hours.  29 U.S.C. § 207(a)(1); *Whisman v. Ford Motor Co.*, 157 Fed.Appx. 792, 796 (6th Cir. 2005) (unpublished). When an employer violates this provision, the FLSA authorizes an employee to sue his or her employer "for and on behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  A suit brought under § 216(b) is called a "collective action" and is distinct from a "class action" suit brought under Fed. R. Civ. P. 23.  *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).  FLSA collective action suits are not subject to the numerosity, commonality, typicality, and representativeness requirements of class action suits.  *See O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009).  Also, unlike class actions where plaintiffs may opt out of the suit, in a collective action, putative plaintiffs must opt into the suit.  *Id*. at 583.  "These opt-in employees are party plaintiffs, unlike absent class members in a Rule 23 class action."  *Id*.
>
> For the action to proceed as a collective action, the court must be satisfied that all the plaintiffs are "similarly situated."  *See* 29 U.S.C. § 216(b); *O'Brien*, 575 F.3d at 583.  Unfortunately, the FLSA does not define the term "similarly situated," or provide any guidance as to how the term should be interpreted.  *See O'Brien*, 575 F.3d at 584.  The Sixth Circuit Court of Appeals has declined "to create a comprehensive criteria for informing the similarly situated analysis."  *Id*. at 585; *see Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1259–60 and n. 38 (11th Cir. 2008) (declining to establish a formal approach to determining whether plaintiffs are similarly situated and noting other circuit courts have taken the same approach). "The lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs."  *O'Brien*, 575 F.3d at 584.  A district court's certification rulings in an FLSA action fall within the court's discretion.  *Id*. (adopting the Eleventh Circuit's approach to review collective-action certification decisions for abuse of discretion).

Federal courts typically follow a two-stage certification process for determining whether all plaintiffs are similarly situated. *See id*. at 583; *Lindberg v. UHS of Lakeside, LLC*, 761 F.Supp.2d 752, 757 (W.D. Tenn. 2011); *Wlotkowski v. Michigan Bell Tel. Co.*, 267 F.R.D. 213, 217 (E.D. Mich. 2010). The first stage has been referred to as the "notice stage" or "conditional certification stage." The first stage takes place at the beginning of discovery. *Comer*, 454 F.3d at 546. "The purpose of the first stage, or conditional certification, is to provide notice to potential plaintiffs and to present them with an opportunity to opt in." *Lindberg*, 761 F.Supp.2d at 757-58. The second stage occurs after all the opt-in forms have been received and discovery has closed. *Comer*, 454 F.3d at 546. The second stage, sometime referred to as "final certification," "is typically precipitated by a motion for 'decertification' by the defendant usually after discovery is largely complete and the matter is ready for trial." *Hipp*, 252 F.3d at 1214 (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)); *see O'Brien*, 575 F.3d at 583-86 (affirming the district court's decertification of the collective action).

Plaintiffs' motion requests conditional, not final, certification. The burden on the lead plaintiffs in this first stage is "fairly lenient." *Hipp*, 252 F.3d at 1214 (quoting *Mooney*, 54 F.3d at 1214); *Wlotkowski*, 267 F.R.D. at 217 (citing *Olivo v. GMAC Mortg. Corp.*, 374 F.Supp.2d 545, 548 (E.D. Mich. 2004)). The evidentiary standard is low because, at this stage in the suit, very little discovery, if any, has occurred. Because Plaintiffs were afforded limited discovery, they may not rest on the unsupported allegations in their complaint, but must put forth a "modest factual showing" that the putative plaintiffs are similarly situated. *Olivo*, 374 F.Supp.2d at 548 n. 1; *see Lindberg*, 761 F.Supp.2d at 760; *Wlotkowski*, 267 F.R.D. at 217 (finding, under the "fairly lenient" standard at the first stage, plaintiff must "'submit evidence establishing at least a colorable basis for their claim that a class of similarly situated plaintiffs exists.'" (citation omitted)); *see also Myers*, 624 F.3d at 555 ("The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." (internal citation and citation omitted)). In determining whether to grant a motion at the first stage, a court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations. Rather, those tasks are addressed at the second stage." *Wlotkowski*, 267 F.R.D. at 217 (internal citation omitted).

Plaintiffs may establish that putative plaintiffs are similarly situated by showing "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585; *see Wlotkowski*, 267 F.R.D. at 217 (finding this a sufficient, but not necessary, showing). Plaintiffs may also establish the similarly situated requirement by showing they "suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation to all plaintiffs." *O'Brien*, 575 F.3d at 585. "Showing a 'unified policy' of violations is not required, though." *Id*. at 584 (citation omitted). Plaintiffs need

5

only show that their positions are similar, not identical, to putative plaintiffs.  *Hipp*, 252 F.3d at 1217 (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)).

*Jesiek*, 275 F.R.D. at 244-46 (footnotes omitted).

### B.     The Torres affidavit and Whiteside declaration

With respect to the "fairly lenient" evidentiary standard required for conditional certification, the Court in *Jesiak* observed that because the "[p]laintiffs were afforded limited discovery, they may not rest on the unsupported allegations in their complaint, but must put forth a 'modest factual showing' that the putative plaintiffs are similarly situated."  *Id*. at 245.  Here, while there appears to have been some discovery[1], the parties rely on affidavits.

Plaintiff has provided an affidavit and a declaration.  In his affidavit, plaintiff Emilio Torres states:

> 2.     I was an employee at Vitale's Italian Restaurant, Inc. (hereinafter referred to as "Vitale's") which does business as Vitale's Grand Rapids and is located at 834 Leonard St. NE, Grand Rapids, MI 49503.
>
> 3.     Salvatore Vitale (hereinafter referred to as "Salvatore") was and is the owner of Vitale's.
>
> 4.     I was an employee of Defendants at Vitale's for various time frames between 2010 and 2018.
>
> 5.     My most recent term of employment at Vitale's was from approximately March 2017 to May 7, 2018.
>
> 6.     The paragraphs below occurred during my most recent term of employment at Vitale's.

---

[1] *See* Plaintiff's proof of service for Rule 26 initial disclosures (ECF No. 35); Plaintiff's proof of service for notice of deposition of Vitale's Italian Restaurant, Inc. (ECF No. 38); Defendants' certificate of service for Rule 26 initial disclosures (ECF No. 40); Plaintiff's proof of service for a re-notice of deposition of Vitale's Italian Restaurant, Inc., Plaintiff's first interrogatories to defendant Belinda Pierson, plaintiff's first interrogatories to defendant Salvatore Vitale, plaintiff's first interrogatories to defendant Vitale's Italian Restaurant, Inc., Plaintiffs first set of requests for production of documents to defendant Belinda Pierson, Plaintiff's first set of requests for production of documents to defendant Salvatore Vitale, and Plaintiffs first set of requests for production of documents to defendant Vitale's Italian Restaurant, Inc. (ECF No. 41); and, Plaintiff's proof of service for deposition notices (ECF No. 55).  For a variety of reasons, the Court extended the pretrial deadlines and ultimately adjourned the final pretrial conference and jury trial without date.  *See* Order (ECF No. 51), Order (ECF No. 57), and Notice (ECF No. 58).

7.      I was hired by Salvatore as a Kitchen Supervisor and Line Cook.

8.      Salvatore was my direct supervisor.

9.      Salvatore set my rate of pay.

10.     Salvatore set other employees' rates of pay.

11.     Belinda Pierson (hereinafter referred to as "Pierson") was the general manager.

12.     Pierson was in charge of payroll and verifying time cards.

13.     I worked an average of seventy-five (75) hours per workweek.

14.     I was paid at a straight time rate for all hours worked.

15.     I was not compensated at a rate of time and one-half times my regular rate for hours worked over forty (40) in a workweek.

16.     I personally know that other employees at Vitale's worked over forty (40) hours in a workweek.

17.     I personally know that other employees at Vitale's were paid at a straight time rate for all hours worked.

18.     I personally know that other employees at Vitale's were not compensated at a rate of time and one-half their regular rate for hours worked over forty (40) in a workweek.

Torres Aff. (ECF No. 43-2).

Plaintiff also provided a declaration[2] from former Vitale's employee Jovan

Whiteside, which stated in pertinent part:

4.      I was an employee of Defendants at Vitale's from around Spring 2013 to approximately October 2015.

5.      I was hired by Salvatore to work in guest services at Vitale's.

6.      During my employment I was responsible for dealing with takeout orders, cooking, cleaning and also preparing food in the kitchen.

---

[2] While plaintiff refers to Whiteside's statement as an affidavit, it does not include a notary jurat.  Rather, it is in the form of  an unsworn declaration pursuant to 28 U.S.C. § 1746 and substantially complies with that statute.

7

7.      Belinda Pierson was the person in charge of payroll and accounting for
Vitale's.

8.      On average, I worked around forty-five (45) to fifty (50) hours per
workweek at Vitale's.

9.      I was paid at a straight time rate for the majority of hours worked at Vitale's.

10.     I was not compensated at a rate of time and one-half my regular rate for the
majority of my hours worked over forty (40) in a workweek at Vitale's.

11.     I personally know that other employees at Vitale's were paid at a straight
time rate for their overtime hours worked in a workweek.

12.     I personally know that other employees at Vitale's were not compensated
at a rate of time and one-half their regular rate for hours worked over forty (40) in
a workweek.

Whiteside Decl. (ECF No. 43-3).

In denying plaintiff's first motion for conditional certification, the Court relied on

defendants' affidavits because the two affidavits submitted by plaintiff (signed by Torres and

Whiteside) were defective.  *See* Order (ECF No. 30, PageID.395-399).  Now that plaintiff has

submitted appropriately executed affidavits, the Court will review those affidavits as the basis for

conditional class certification.  *See Jesiak*, 275 F.R.D. at 246 ("In determining whether to grant a

motion at the first stage, a court does not resolve factual disputes, decide substantive issues going

to the ultimate merits, or make credibility determinations.") (internal quotation marks omitted).

###     C.      Plaintiff's class definition

According to plaintiff's amended complaint, defendants engaged in a common

policy or plan which involved: using two time cards; paying employees with checks for the regular

hours worked (as reflected on the first time card); paying employees at their regular hourly rates

for overtime hours worked (as reflected on the second time card); and, paying the overtime hours

without withholding income taxes.  In his present motion, plaintiff seeks conditional certification

of a class based on a much narrower common policy, *i.e.*, the current and former employees "were

not compensated at a rate of time and one half their regular rate for any hours worked in excess of

40 hours in a workweek at any time from May 15, 2015, to the present."

Torres' affidavit and Whiteside's declaration have met the "fairly lenient" standard

at the first stage, and establish at least a colorable basis for plaintiff's claim that a class of similarly

situated plaintiffs exists. While plaintiff was employed as both a kitchen supervisor and a line

cook, he was paid at an hourly rate, and was not compensated at a rate of time and one-half for

"the majority" of his hours worked over 40 in a workweek. *See* Torres Aff.  Opt-In plaintiff

Whiteside states that he was responsible for dealing with takeout orders, cooking, cleaning and

also preparing food in the kitchen, that on average he worked 45 to 50 hours per week, that he was

paid at a straight time rate for the majority of hours worked, and that he was not compensated at a

rate of time and one-half his regular rate for the majority of his hours worked over 40 in a

workweek.  *See* Whiteside Aff.  Both plaintiff and Whiteside state that they "personally know that

other employees at Vitale's were not compensated at a rate of time and one-half their regular rate

for hours worked over forty (40) in a workweek." *See* Torres Aff.; Whiteside Decl.

Defendants object to the newly proposed class as meaningless, because there is no

allegation as to how Vitale's perpetrated the FLSA violation as to any of the purported class

members. *See* Defendants' Response (ECF No. 44, PageID.607). Defendants' objection is without

merit.  Plaintiff's new class definition identifies Vitale's common policy as a policy not to pay

overtime.  This is an adequate policy.  "It is enough that plaintiff makes a modest factual showing

sufficient to demonstrate that they and potential plaintiffs together were victims of a common

policy or plan that violated the law, to wit, that defendant failed to lawfully compensate all

potential plaintiffs for their work." *Fang v. Zhuang*, No. 10-CV-1290 RRM JMA, 2010 WL

5261197 at *3 (E.D.N.Y. Dec. 1, 2010) (internal quotation marks and citation omitted).  *See also,*

*Pritchard v. Dent Wizard International Corp.*, 210 F.R.D. 591(S.D. Ohio 2002) (allegations of a

class-wide failure to pay overtime were sufficient to grant conditional certification); *Holmes v.*

*Kelly Services USA, LLC*, No. 16-CV-13164, 2017 WL 3381415 at *8 (E.D. Mich. Aug. 7, 2017)

(court certified a conditional class comprising of employees at a facility who worked for two

supervisors "off-the-clock" and were not paid for that time);  *Douglass v. GE Energy Reuter*

*Stokes*, No. 1:07-CV-77, 2007 WL 1341779 (N.D. Ohio, April 20, 2007) (holding that two

affidavits stating that overtime was not paid were sufficient to grant conditional certification).

> **D.      Plaintiff failed to produce evidence that he is an appropriate representative for the proposed class.**

Next, defendants point out that the Court previously determined noted that plaintiff

Torres was not an appropriate class representative because he had negotiated to be paid in cash.

Defendants' Response at PageID.609.  The Court reached that resolution based upon defendant

Salvatore Vitale's affidavit.  *See* Order (ECF No. 30, PageID.401-402); Vitale Aff. (ECF No. 25-

1).  Now that plaintiff has submitted an appropriate affidavit, which does not reference a specially

negotiated cash payment arrangement, the Court has no reason to rely on the Vitale Affidavit.

Accordingly, defendant's objection is denied.

> **IV.      Conclusion**

For the reasons stated above,

**IT IS ORDERED** that plaintiff's second motion for conditional certification in a

collective action pursuant to 29 U.S.C. § 216(b) (ECF No. 42) is **GRANTED**.

**IT IS FURTHER ORDERED** that

1.        The Court conditionally certifies a collective action for unpaid overtime

wages pursuant to 29 U.S.C § 216(b) defined as:

10

Current and former employees of Vitale's Italian Restaurant, Inc. d/b/a Vitale's Grand Rapids who were not compensated at a rate of time and one half their regular rate for any hours worked in excess of 40 hours in a workweek at any time from May 15, 2015, to the present.

2.      Defendants are directed to provide plaintiffs with the names, all known addresses, e-mail addresses, all known phone numbers and the dates of employment of all Class Members.

3.      Plaintiffs' proposed "Notice of right to join lawsuit" (ECF No. 43-1) is approved to be sent to the Class Members, via traditional mail, email, text, and/or social media with a ninety (90) day opt-in period; and,

4.      The Avanti Law Group, PLLC is appointed as interim class counsel.


Dated:  September 30, 2020                          /s/ Ray Kent
                                                    United States Magistrate Judge